# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>vs.<br><br>MARIO CASTRO, et al.,<br><br>                    Defendants. | Case No. 2:19-cr-00295-GMN-NJK<br><br>**ORDER GRANTING MOTION TO WITHDRAW AND APPOINTING JOHN C. ELLIS AS COORDINATING DISCOVERY ATTORNEY** |

Pending before the Court is Russell M. Aoki's *ex parte* request to withdraw as Coordinating Discovery Attorney in the instant case and request for substitute appointment. Docket No. 68. Mr. Aoki improperly filed the motion *ex parte*. *See* LR IA 7-2. The Court therefore **INSTRUCTS** the Clerk's Office to remove the *ex parte* designation and file the motion on the public docket.

Mr. Aoki represents that, due to his current workload, he and his staff are currently incapable of addressing the discovery needs of the instant case. Docket No. 68 at 1. He, therefore, contacted the National Litigation Support Administrator, who recommended Coordinating Discovery Attorney John C. Ellis. *Id*. Mr. Aoki represents that Mr. Ellis has confirmed that he is capable of handling the discovery issues in the instant case and is available to assist. *Id*. at 1-2. The Court therefore **GRANTS** the motion. Docket No. 68.

**IT IS HEREBY ORDERED** that Russell M. Aoki is withdrawn and John C. Ellis, Jr. is appointed as Coordinating Discovery Attorney for the Defendants in the instant case. At a status hearing before the Court on January 6, 2020, all Defendants either affirmatively requested, or had no objection to, the appointment of a Coordinating Discovery Attorney.

The Coordinating Discovery Attorney shall oversee any discovery issues that are common to all of the Defendants.  His responsibilities will include:

1. Managing and, unless otherwise agreed upon with the United States, distributing discovery produced by the United States and relevant third-party information common to all Defendants;

2. Assessing the amount and type of case data to determine what types of technology should be evaluated and used so that duplicative costs are avoided, and the most efficient and cost-effective methods are identified;

3. Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;

4. Identifying, evaluating, and engaging in third-party vendors and other litigation support services;

5. Assessing the needs of individual parties and further identifying any additional vendor support that may be required – including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

6. Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information;

7. Providing training and support services to the defense teams as a group and individually; and

8. Assisting CJA panel attorneys in the preparation of budgets and funding requests.

Therefore, the Coordinating Discovery Attorney shall assess the most effective and cost-efficient manner to organize the discovery with input from defense counsel.

Discovery issues specific to any particular defendant shall be addressed by defense counsel directly with the United States and not through the Coordinating Discovery Attorney. The Coordinating Discovery Attorney's duties do not include providing additional representation services, and therefore he will not establish an attorney-client relationship with any of the Defendants.

The United States shall provide discovery to the Coordinating Discovery Attorney unless otherwise agreed. To avoid delay in providing discovery to defense counsel, any additional discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to all defense counsel. The United States shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner. The Coordinating Discovery Attorney shall abide by the terms of this Court's protective order, including the return or destruction of all discovery containing personal identifying information.

The Coordinating Discovery Attorney shall petition this Court, *ex parte*, for funds for outside services and shall monitor all vendor invoices for these services, including confirming the work that was previously agreed to be performed. However, his time and the time spent by his staff will be paid by the Administrative Office of the U.S. Courts, Defender Services Office. All petitions for outside service shall include a basis for the requested funds and a determination that the costs of the services are reasonable.

The Coordinating Discovery Attorney shall also provide this Court with monthly *ex parte* reports depicting the status of work and whether that work remains within the budget of any funds authorized by the Court.

**IT IS FURTHER ORDERED** that the Clerk's Office shall add John C. Ellis, Jr. to the docket. Mr. Ellis' address is 1010 Second Ave., Ste. 1800, San Diego, CA 92101, and his e-mail address is john@johnellislaw.com.

IT IS SO ORDERED.

DATED: January 21, 2020.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

4