NICHOLAS A. TRUTANICH
United States Attorney
NICHOLAS D. DICKINSON
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6175
nicholas.dickinson@usdoj.gov

TIMOTHY FINLEY
DANIEL ZYTNICK
Trial Attorneys
U.S. Department of Justice
Consumer Protection Branch
PO Box 386
Washington, DC 20044
Tel: (202) 307-0050, (202) 598-8337
timothy.t.finley@usdoj.gov
daniel.e.zytnick@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  2:19-cr-00295-GMN-NJK |
| Plaintiff, | **UNITED STATES' MOTION FOR ALTERNATIVE VICTIM NOTIFICATION PROCEDURES** |
| vs. | |
| MARIO CASTRO,<br>JOSE SALUD CASTRO,<br>SALVADOR CASTRO,<br>MIGUEL CASTRO<br>JOSE LUIS MENDEZ, AND<br>ANDREA BURROW, | |
| Defendants. | |

The United States moves this Court pursuant to Title 18, United States Code, Section 3771(d)(2), for authorization to employ the victim notification procedures described below, in lieu of those prescribed by section 3771(a), (b) and (c), on the grounds that the number of crime victims in this case makes it impracticable to accord all of the crime victims the rights described in subsection 3771(a).

The Crime Victims' Rights Act ("the Act") provides certain rights to victims in federal criminal proceedings. 18 U.S.C.§ 3771. Among the rights provided by the Act are a victim's right to "reasonable, accurate, and timely notice" of public court proceedings. *See* 18 U.S.C. § 3771(a). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). The Act defines a crime victim as "a person directly and proximately harmed" as a result of the commission of a federal offense. *Id*. § 3771(e). Importantly, the Act recognizes that for crimes involving numerous victims, the Court has discretion to adopt procedures that will not unduly interfere with the criminal proceedings. Thus, 18 U.S.C. §3771(d)(2) provides:

> [i]n a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id.*

In this case, the defendants are charged with mail fraud and conspiracy to commit mail fraud for engaging in a direct-mail scheme that sent fraudulent prize notices to hundreds of thousands of consumers across the United States. The mailings misled victims to believe that they would receive a large cash prize, ranging from hundreds of thousands to several million dollars, if they paid a relatively small fee. The victims did not receive the promised large sums of money. The government determined there are hundreds of thousands of potential victims who paid a fee, generally $20 or $25 as directed by the fraudulent mailings.

This number of victims make compliance with the notification requirements outlined in section 3771(a), (b) and (c) impracticable, as this Court has recognized in two related cases involving defendants from the same conspiracy. *United States v. Edgar Del Rio,* Case No. 2:19-cr-00022-JCM, ECF No. 11 (granting motion for alternative victim notification); *Patti Kern,* Case No. 2:19-cr-00032-RFB, ECF No. 23 (same). Neither the government nor the Court has the resources to accord all of the victims in this case the notice required by subsection 3771(a). Therefore, due to the large number of victims in this case, the government has used the Justice Department's website for large cases, http://justice.gov/largecases/, to direct victims to a case-specific website where all required notices will be posted. Notice by website postings is a reasonable procedure that will give effect to the Act and will not unduly complicate or prolong the public court proceedings. Accordingly, consistent with the orders in the related *Del Rio* and *Kern* cases,

3

the government requests that the Court authorize the alternative notification procedures described above.

### CONCLUSION

Based on the foregoing, the government requests the Court grant the motion for alternative victim notification procedures.

DATED: this 6th day of July, 2020.

NICHOLAS A. TRUTANICH
United States Attorney


Nicholas D. Dickinson
Assistant United States Attorney


 /s/ Timothy Finley
Timothy Finley, Trial Attorney
Daniel Zytnick, Trial Attorney
Consumer Protection Branch

4

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:19-cr-00295-GMN-NJK |
| Plaintiff, | **ORDER AUTHORIZING ALTERNATIVE VICTIM NOTIFICATION PROCEDURES** |
| vs. | |
| MARIO CASTRO, JOSE SALUD CASTRO, SALVADOR CASTRO, MIGUEL CASTRO JOSE LUIS MENDEZ, AND ANDREA BURROW, | |
| Defendant. | |

This matter comes before the Court on the United States' Motion for Alternative Victim Notification Procedures. The Court finds that (1) per 18 U.S.C. 3771(d)(2), the number of potential victims in this case makes it impracticable to provide all the rights provided under 18 U.S.C. 3771(a) and (2) the means of notifying potential victims as set forth constitutes a "reasonable procedure" to give effect to and ensure compliance with the notice provisions of the Act.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. 3771(d)(2), that the United States is authorized to comply with 18 U.S.C. 3771(a) by posting information relevant to victims in this case on the Justice Department's website for large cases.

IT IS SO ORDERED that the Government's Motion for Alternative Victim Notification Procedures, (ECF No. 116), is **GRANTED.**

Dated this __6__ day of July, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT