# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:19-cr-00295-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| MARIO CASTRO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is Defendant Mario Castro's ("Defendant's") Motion for Reconsideration, (ECF No. 219). The Government filed a Response, (ECF No. 222), and Defendant has not yet filed his reply. Nonetheless, the Court **DENIES** Defendant's Motion for Reconsideration, although without prejudice and with leave to refile at a more appropriate date.

## I.   DISCUSSION

On September 22, 2021, the Court granted Defendant's Motion to Continue, (ECF No. 213), and rescheduled Defendant's trial from October 18, 2021, to April 25, 2022, in accordance with his requested 180-day continuance.[1] Five days later, Defendant filed the present Motion, which is effectively another Motion to Continue, because it requests that the trial be rescheduled until October 2022. (Mot. Recons. 2:25–26, ECF No. 219).

Defendant explains that his lead counsel, Assistant Public Defender Brian Pugh, is also co-counsel for a defendant in an eight-week consumer fraud trial that is scheduled to start on May 16, 2022, in the District of Idaho (the "*Babichenko* case"). (*Id.* 2:17–19). Defendant

---

[1] The Government did not oppose the 180-day continuance, as long as there would be no further continuances. (*See* Resp. to Mot. Continue 1:25–27, ECF No. 214). As such, the Court ordered that April 25, 2022, "is a firm trial date and no further continuances will be granted without a hearing to demonstrate a sufficient basis to delay trial." (Min. Order, ECF No. 218).

argues that because the Government estimates that its case-in-chief against Defendant will take three weeks, Mr. Pugh would not have time to present the defense before his May 16, 2022, engagement. (*Id.* 4:15–18).  Further, Defendant claims that Mr. Pugh cannot prepare for both trials and provide constitutionally adequate representation to both defendants. (*Id.* 4:18–20).

The Court finds that Defendant's request to again continue trial is premature.  As the Government points out, the *Babichenko* court already contemplates continuing its trial until May 23, 2022, which may resolve Mr. Pugh's scheduling conflict. (*See* Trial Setting Order at 8–9, Ex. 1 to Govt's Resp., ECF No. 222-1).  Accordingly, it is premature to continue Defendant's trial for another six months, especially when considering that the trial has already been continued five times, and the firm trial date was set based on Defendant's own requested timeline.  The speculative *Babichenko* trial date alone does not create a sufficient basis to further delay Defendant's trial.  Should both trials appear to be proceeding as scheduled, the Court may entertain another continuance if, at a hearing, Defendant demonstrates a sufficient basis to further delay his trial.  In the meantime, Mr. Pugh shall keep the Court appraised of the trial settings in the *Babichenko* case.

## II.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration, (ECF No. 219), is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Mr. Pugh shall submit a status report on the first of every month, starting on November 1, 2021, to inform the Court of the status of the *Babichenko* case and his related scheduling conflicts.

**DATED** this __13__ day of October, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT