UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIO CASTRO,<br><br>Defendant. | Case No.: 2:19-cr-00295-GMN-NJK<br><br>**ORDER**<br><br>[Docket No. 253] |

This matter was referred to the undersigned Magistrate Judge on Defendant Mario Castro's motion to exclude statements that violate *Bruton v. United States*, 391, U.S. 123 (1968), and its progeny. Docket No. 253. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 253, 268, 278. This matter is properly resolved without a hearing. Local Rule 78-1.

**I.      BACKGROUND**

Defendant is one of six defendants in this criminal case which is set for trial on April 25, 2022. Docket No. 218. The underlying charges at issue in trial involve conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, and mail fraud, in violation of 18 U.S.C. § 1341. Docket No. 1. Defendant asks the Court to issue an order excluding all extra-judicial co-defendant statements, unless and until an individual defendant testifies at trial. *Id.* at 5.

In response, the United States submits that it does not plan to elicit any testimony that runs afoul of the constitutional restraints imposed by *Bruton* and its progeny. Docket No. 268 at 2. It further submits that Defendant is seeking an order requiring the United States to follow the law, which is unwarranted and without merit. *Id.*

. . . .

1

## II. STANDARDS

In *Bruton v. United States*, 391 U.S. 123, 136-37 (1968), the Supreme Court held that a lower court violated on co-defendant's Sixth Amendment right to confront the witnesses against him when it admitted the other co-defendant's confession, which implicated the other co-defendant, into evidence. The Court found a constitutional violation even though the lower court had provided a clear limiting instruction. *Id.* This rule was later clarified by the Supreme Court in *Richardson v. Marsh*, 481 U.S. 200 (1987), and *Gray v. Maryland*, 523 U.S. 195 (1998).

In *Richardson*, the Court held that it did not violate the Confrontation Clause to admit into evidence a co-defendant's confession that was redacted to eliminate all references to another co-defendant's existence, accompanied by a proper limiting instruction. 481 U.S. at 211. *See also Mason v. Yarborough*, 447 F.3d 693, 695-96 (9th Cir. 2006). In *Gray*, the Court held that admitting a confession with an obvious redaction or the word "deleted" in place of a co-defendant's name would still run afoul of the Confrontation Clause, despite any limiting instructions. 523, U.S. at 188-89.

## III. ANALYSIS

Defendant broadly requests that the Court order the United States not to introduce any co-defendant statements to law enforcement unless and until an individual defendant testifies at trial, to protect the constitutional concerns set forth in *Bruton* and its progeny. Docket Nos. 253 at 5, 278 at 1-2. However, Defendant fails to identify any specific statement that the United States has proffered that it will offer at trial. *See* Docket No. 253. Further, the United States submits that it does not intend to elicit testimony that violates *Bruton*. Docket No. 268 at 2.

At this juncture, therefore, this motion is premature. *Cf. United States v. Williams*, 2013 U.S. Dist. LEXIS 187890, at *22-25 (D. Nev. Sept. 25, 2013), report and recommendation adopted by *United States v. Williams*, 2014 U.S. Dist. LEXIS 75570 (D. Nev. May 30, 2014) (determining whether severance would be proper on the basis of alleged *Bruton* concerns was premature when no statements were provided to the Court to guide its determination and collecting similar cases). Should Defendant become aware that the United States intends to introduce specific statements that implicate his rights as established by *Bruton* and its progeny, he can submit the statement to

the Court for review at that time. To the extent that Defendant seeks an order requiring the United States to abide by the law, such request is unnecessary. *Cf. Lemperle v. Avis Rent-A-Car Sys.*, 2020 WL 4431502, 2020 U.S. Dist. LEXIS 136860, at *4 (D. Nev. July 31, 2020) (denying motions *in limine* requesting that the parties be required to follow the law).

### IV.     CONCLUSION

Based on the foregoing and good cause appearing therefore, Defendant's motion to exclude statements that violate *Bruton* is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: March 9, 2022.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE