**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                  )<br>                            Plaintiff,  )<br>        vs.                                   )<br>                                                  )<br>MARIO CASTRO, *et al.*,            )<br>                                                  )<br>                            Defendants.  )<br>                                                  ) | Case No.: 2:19-cr-00295-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Government's Motion in Limine, (ECF No. 395). Defendant Salvador Castro filed a Response, (ECF No. 416), to which the Government filed a Reply, (ECF No. 440).

For the reasons discussed below, the Court **GRANTS** the Government's Motion in Limine.

**I.     BACKGROUND**

On November 12, 2019, a grand jury issued an Indictment charging all Defendants in this case with a combination of either one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, twelve counts of mail fraud, in violation of 18 U.S.C. § 1341, one count of making a false statement, in violation of 18 U.S.C. § 1001, and a related forfeiture allegation. (*See* Indictment 4:1–12:2, ECF No. 1).  Defendant Salvador Castro moved to dismiss the Indictment, arguing that the Government unduly delayed obtaining the Indictment for more than one year, which led to his inability to depose Epifanio Castro before Epifanio Castro passed away. (*See generally* Mot. Dismiss, ECF No. 260).  The matter was referred to Magistrate Judge Nancy J. Koppe, who recommended denying Defendant Salvador Castro's Motion to Dismiss, (ECF No. 260), because he did not meet his burden under the theories he

proposed. (*See* Report & Recommendation 4:3–6:4, ECF No. 300). The Government then filed the instant Motion in Limine to prohibit Defendants "from presenting evidence or argument about pre-indictment delay" and "from speculating about Epifanio Castro's hypothetical testimony." (*See* Gov.'s Mot. Lim. ("Gov.'s MIL") 2:2–13, ECF No. 395). The Court later denied Defendant Salvador Castro's Motion to Dismiss, (ECF No. 260), concluding that a delay under Fed. R. Crim. P. 48(b) did not exist and that Defendant Salvador Castro failed to show with "definite and non-speculative evidence" that his inability to depose Epifanio Castro was prejudicial to his case. (*See* Order 2:16–5:16, ECF No. 407). The Court now addresses whether pre-indictment delay and speculation about Epifanio Castro's hypothetical testimony are admissible at trial.

## II.  LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41. Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to

resolve factual disputes or weigh evidence. *C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine, the evidence must be inadmissible "on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

### III. DISCUSSION

The Government argues the Court should bar all Defendants from raising the issues of pre-indictment delay and speculation about Epifanio Castro's hypothetical testimony. Only Defendant Salvador Castro filed a Response, but instead of addressing the merits of the Government's Motion, he contends the instant Motion is moot because the Court denied his Motion to Dismiss the Indictment, (ECF No. 260).[1] (*See generally* Def. Salvador Castro's Resp. ("Def.'s Resp."), ECF No. 416). The Court addresses each argument in turn.

#### A. Pre-Indictment Delay

The Government contends the issue of pre-indictment delay should not be brought to the jury because it is not an issue for the jury. (*See* Gov.'s MIL 3:2–17). It argues that pre-indictment delay could be an issue if the statute of limitations to bring the Indictment had expired, but that this did not transpire. (*Id.* 3:12–17). Defendant Salvador Castro does not respond to the merits of this argument. (*See generally* Def.'s Resp.). "[T]he decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely

---

[1] The Court rejects Defendant Salvador Castro's position that the Government's instant Motion is moot because the Court denied his Motion to Dismiss, (ECF No. 260). Defendant Salvador Castro offers no legal authority to support his argument. As such, he fails to meet his burden of showing mootness, and the Court will address the merits of the Government's Motion in Limine. *See Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006) ("The party asserting mootness bears the burden of establishing that there is no effective relief that the court can provide.").

in [the prosecutor's] discretion." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). If she wishes, a defendant may challenge the prosecutor's discretion "in a motion to the Court before trial." *United States v. Farrar*, 338 F. Supp. 3d 1186, 1189 (D. Haw. 2018). A prosecutor's delay in filing an indictment is "improper at trial" because "the Government's decision to prosecute the Defendant and the timing of the Indictment . . . are entirely independent of the ultimate issue of whether the defendant actually committed the crime for which [she] was charged." *Id.* at 1189, 1191. Here, pre-indictment delay issues should only be addressed in motions to the Court, not before the jury. Accordingly, Defendants are prohibited from raising the issue of pre-indictment delay at trial. *Farrar*, 338 F. Supp. 3d at 1189.

### B. Speculation about Epifanio Castro's Hypothetical Testimony

The Government next maintains that Defendants should not be able to speculate about what Epifanio Castro may have testified to if he were alive. (*See* Gov.'s MIL 4:21–5:4). "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Opinions without factual basis and resting solely on speculation are inadmissible at trial. *See United States v. Vera*, 770 F.3d 1232, 1248 (9th Cir. 2014); *Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1087 (E.D. Cal. 2009). Here, Defendant Salvador Castro failed to indicate with any "definite or *non-speculative* evidence" what Epifanio Castro could have testified to if he were alive. (*See* Order 5:8–16). Accordingly, Defendants are prohibited from introducing what Epifanio Castro could have testified to if the evidence is based on speculation.

///

///

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Government's Motion in Limine, (ECF No. 395), is **GRANTED** to the extent consistent with this Order.

**DATED** this __8__ day of September, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court