1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )          Case No.: 2:19-cr-00295-GMN-NJK
          vs.                      )
                                   )                    **ORDER**
JOSE SALUD CASTRO, SR., *et al.*,  )
                                   )
                    Defendants.    )
_____)

  Pending before the Court is Defendant Jose Salud Castro, Sr.'s ("Defendant's") Motion in Limine, (ECF No. 394).  The Government filed a Response, (ECF No. 402), but Defendant did not file a Reply.

  Also pending before the Court is the Government's competing Motion in Limine, (ECF No. 401).  Defendant filed a Response, (ECF No. 408), but the Government did not file a Reply.

  For the reasons discussed below, the Court **DENIES** Defendant's Motion in Limine and **GRANTS** the Government's Motion in Limine.

## I. <u>BACKGROUND</u>

  On November 12, 2019, a grand jury issued an Indictment charging Defendant with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, twelve counts of mail fraud, in violation of 18 U.S.C. § 1341, and a related forfeiture allegation. (*See* Indictment 4:1–9:16, 10:4–12:2, ECF No. 1).  On or about March 4, 2022, the Government provided Defendant notice that it intended to admit evidence of Defendant's "May 29, 2015, conviction for conspiracy to obtain unemployment insurance benefits while utilizing a false identity" (the "2015 conviction") pursuant to Fed. R. Evid. ("FRE") 404(b). (Def.'s Mot. Lim. ("Def.'s

MIL") 2:9–14, ECF No. 394); (Gov.'s Mot. Lim. ("Gov.'s MIL") 5:20–6:2, ECF No. 401).  On August 16, 2022, Defendant filed his Motion in Limine, (ECF No. 394), to preclude evidence of the 2015 conviction. (*See generally* Def.'s MIL).  Then, on August 19, 2022, the Government filed a Motion in Limine, (ECF No. 401), to admit evidence related to Defendant's 2015 conviction. (*See generally* Gov.'s MIL).  The Court now considers both Motions.

## II.   LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a).  In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)).  In limine rulings "are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41. Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).  To exclude evidence on a motion in limine, the evidence must be inadmissible "on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice

1  may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.
2  1398, 1400 (N.D. Ill. 1993).

3  **III.    DISCUSSION**

4         The issue at the heart of both the Government's and Defendant's Motions in Limine
5  concerns whether the 2015 conviction is admissible.  As such, the Court addresses both
6  simultaneously.

7         **A.  Admitting or Excluding Evidence of Other Crimes**

8         On or about 2010 and until 2011, Defendant allegedly used a false identity, Jose
9  Carrillo, to open a shell company named National Price Service, Inc. ("NPS"), rent a mailbox,
10 and open bank accounts in furtherance of the alleged fraud scheme in the instant case. (*See*
11 Gov.'s MIL 4:21–23).  During 2008 or 2009, and until 2010, Defendant unlawfully collected
12 unemployment benefits using two different names and social security numbers. (*See* Gov.'s
13 MIL 5:4–8); (Def.'s MIL 2:15–20).  Defendant used his own name, Jose Castro, and the false
14 identity, Jose Carrillo. (*See* Gov.'s MIL 5:5–6); (Def.'s MIL 2:19–20).  State investigators
15 confronted Defendant about the alleged fraud in 2012; days later, Defendant allegedly
16 substituted "Jose Carrillo" for his daughter-in-law's name in NPS's corporate documents and
17 bank accounts. (*See* Gov.'s MIL 5:9–13).  Defendant pleaded guilty to one count of conspiracy
18 to obtain unemployment benefits. (*Id.* 5:16–17).

19        The Government argues that evidence of Defendant's 2015 conviction, which would
20 otherwise be inadmissible character evidence, is admissible (1) as inextricably intertwined
21 evidence or (2) pursuant to FRE 404(b). (*See* Gov.'s MIL 7:15–11:4).  Defendant counters that
22 this evidence is not admissible as either inextricably intertwined evidence or under FRE 404(b).
23 (Def.'s MIL 3:11–9:17); (Def.'s Resp. Gov.'s MIL ("Def.'s Resp.") 3:8–9:8, ECF No. 408).
24 The parties also argue whether the probative value of the 2015 conviction outweighs the

25

prejudicial effect it may have. (*See* Gov.'s MIL 10:7–11:4); (Def.'s MIL 9:1–17); (Def.'s Resp. 8:13–9:8).  The Court will address each argument in turn.

### i.  Inextricably Intertwined Evidence

The Government claims that the facts underlying the 2015 conviction are inextricably intertwined with the charged offenses because Defendant allegedly used the same false identity in committing the conspiracy to obtain unemployment benefits as he did in the instant alleged fraud scheme. (*See* Gov.'s MIL 7:17–21).  It then asserts that without introducing evidence regarding the 2015 conviction, the jury will not understand why Defendant substituted the false identity on NPS's corporate documents and bank accounts with his daughter-in-law's name. (*See id.* 8:1–7).  In response, Defendant argues that the 2015 conviction is not inextricably intertwined with this case because it is not part of a single criminal transaction nor necessary to allow the Government to present a coherent and comprehensible story. (*See* Def.'s Resp. 3:8–9:8); (Def.'s MIL 5:16–6:18).

The FRE 404(b) analysis is not required for "other acts" evidence if such evidence is actually "inextricably intertwined" with the charged offense. *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987).  Evidence is "inextricably intertwined" when it (1) constitutes a portion of the transaction giving rise to the criminal charge; or (2) may be necessary to allow the prosecution "to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995).  Courts look to both temporal proximity and substantive similarly when determining that evidence is inextricably intertwined. *See United States v. Rrapi*, 175 F.3d 742, 750 (9th Cir. 1999) (evidence of prior uncharged burglaries was "inextricably intertwined" with charged crimes where uncharged burglaries were obtained during period of government surveillance, involved similar pattern of conduct, and occurred close in time to charged crimes); *see United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002) (finding that evidence regarding drug mule's prior

drug run was necessary to show why mule was later entrusted with more than $1 million worth of drugs).

Here, the 2015 conviction is inextricably intertwined with the charged offenses because Defendant used the false identity, Jose Carrillo, both when he conspired to obtain unemployment benefits and allegedly when he committed the charges of which he is accused of in the Indictment.  The 2015 conviction, thus, can be admitted to show, for example, that Defendant knew he was using a false identity during the alleged fraud scheme or that Defendant intended to defraud as charged in the Indictment.  This is necessary to allow the prosecution "to offer a coherent and comprehensible story regarding the commission of the crime." *Vizcarra-Martinez*, 66 F.3d at 1012.  Accordingly, the 2015 conviction is inextricably intertwined with the charged offenses.

### ii.   FRE 404(b) Evidence

Even if the 2015 conviction was not inextricably intertwined, it is still admissible under FRE 404(b).  The Government aims to offer the 2015 conviction to show Defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. (Gov.'s MIL 8:20–10:6).  Defendant seeks to preclude evidence of the 2015 conviction. (Def.'s MIL 6:19–8:23).  Under FRE 404(b), evidence of crimes, wrongs, or other acts is not admissible to prove the character of an accused in order to show action in conformity with that character.  *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993); Fed. R. Evid. 404(b)(1).  However, this evidence can be admitted under FRE 404(b) if the evidence is used to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b)(2).  In order to be properly admitted under FRE 404(b), evidence must satisfy four requirements: "(1) it must prove a material element of the offense for which the defendant is now charged; (2) in certain cases [where knowledge or intent are at issue], the prior conduct must be similar to the charged conduct; (3)

proof of the prior conduct must be based upon sufficient evidence; and (4) the prior conduct must not be too remote in time." *Arambula-Ruiz*, 987 F.2d at 602.

Further, in cases involving crimes of deceit, such as mail fraud, courts allow evidence of prior acts of fraud to demonstrate intent or knowledge, such as evidence of a defendant's use of a false identity. *See, e.g.*, *United States v. Isibor*, 789 F. App'x 76, 77 (9th Cir.), *cert. denied*, 141 S. Ct. 599 (2020) (allowing evidence of prior use of false identities to establish a defendant's knowledge and intent); *United States v. Evans*, 796 F.2d 264, 265 (9th Cir. 1986) (affirming a district court's decision to admit a prior conviction of false statements because said conviction was sufficiently like the mail fraud charge).

Here, all four of these factors are met.  First, Defendant's use of the false identity, Jose Carrillo, in unlawfully conspiring to obtain unemployment benefits tends to prove a material point, namely allegedly intending to devise a fraud scheme or knowingly using the mails to carry out the fraud scheme, because Defendant purportedly used the same false identity to commit mail fraud in the instant case.  Both intent and knowledge are implicated as elements in the charged offenses. *See, e.g.*, 18 U.S.C. § 1341 ("Whoever, having devised or *intending* to devise any scheme or artifice to defraud . . . .") (emphasis added); *id.* ("Whoever . . . *knowingly* causes to be delivered by mail or such carrier according to the direction thereon . . . .") (emphasis added).  Second, the conduct underlying the 2015 conviction, that of conspiring to obtain unemployment benefits, is similar to the charged conduct because both offenses involve committing fraud. *United States v. Williams*, No. 2:12-cr-463-JCM-VCF, 2016 WL 1452355, at *4 (D. Nev. Apr. 12, 2016) (acknowledging a charge of falsely claiming unemployment benefits as fraud).  Third, there is sufficient evidence of Defendant's prior conduct because Defendant pleaded guilty to the offense.  Finally, the conduct underlying the 2015 conviction is not "too remote in time" because it overlapped with the conduct underlying the instant offenses. Accordingly, the 2015 conviction is admissible under FRE 404(b).

### iii.   FRE 403

Defendant argues that the danger of unfair prejudice in admitting evidence related to the 2015 conviction "substantially outweighs any probative value the evidence may have." (*See* Def.'s MIL 9:1–17).  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Defendant claims that the jury will infer that Defendant committed the instant alleged offenses because the 2015 conviction shows he has the propensity to commit fraudulent activity. (*See* Def.'s MIL 9:9–13).  However, as the Government explains, any prejudicial effect from the 2015 conviction does not outweigh its probative value because Defendant's use of a false identity when conspiring to obtain unemployment benefits and in allegedly engaging in the instant fraud scheme "is strong proof of his motive, intent, knowledge, identity, absence of mistake or accident, and consciousness of guilt." (*See* Gov.'s MIL 10:8–14).  Thus, the Court finds that the prejudicial effect of the 2015 conviction does not outweigh its probative value.

However, to avoid any unfair prejudice to Defendant, the court will issue a limiting instruction to the jury that the 2015 conviction is admissible for the limited purpose of showing Defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident.  The Court will explain to the jury that the Defendant is only on trial for the conduct related to the alleged fraud scheme as charged in the Indictment, and that he is not on trial for the conduct underlying the 2015 conviction.

## IV.   <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine, (ECF No. 394), is **DENIED**.

1       **IT IS FURTHER ORDERED** that the Government's Motion in Limine, (ECF No.

2  401), is **GRANTED** to the extent consistent with this Order.

3       **DATED** this __9__ day of September, 2022.

4

5

6                    Gloria M. Navarro, District Judge

7                    United States District Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25