# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cr-00295-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| MARIO CASTRO, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Government's Motion in Limine, (ECF No. 396). Defendant Salvador Castro filed a Response, (ECF No. 413),[1] as did Defendant Mario Castro, (ECF No. 418),[2] and Defendant Jose Mendez, (ECF No. 420). The Government filed a Reply, (ECF No. 441).

For the reasons discussed below, the Court **GRANTS** the Government's Motion in Limine.

I. <u>**BACKGROUND**</u>

On November 12, 2019, a grand jury issued an Indictment charging all Defendants in this case with a combination of either one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, twelve counts of mail fraud, in violation of 18 U.S.C. § 1341, one count of

---

[1] The Court previously denied Defendant Salvador Castro's Motion to Dismiss Indictment, holding that he failed to show with "definite and non-speculative evidence" what Epifanio Castro could have testified to. (*See* Order 4:14–5:16, ECF No. 407). To the extent that Defendant Salvador Castro relies on the same arguments in his Response, (ECF No. 413), the Court will not entertain them because, again, he fails to provide any non-speculative evidence showing what Epifanio Castro could have testified to.

[2] Defendant Salvador Castro filed a Motion for Joinder to Defendant Mario Castro's Response to the Government's Motion in Limine. (*See generally* Mot. Joinder, ECF No. 433). For good cause appearing, the Court **GRANTS** Defendant Salvador Castro's Motion for Joinder.

making a false statement, in violation of 18 U.S.C. § 1001, and a related forfeiture allegation. (*See* Indictment 4:1–12:2, ECF No. 1).  Prior to seeking the Indictment, the alleged fraud scheme was subject of parallel civil and criminal investigations. (*See* Gov.'s Mot. Lim. ("Gov.'s MIL") 2:2–3, ECF No. 396).  In February of 2018, the Government brought a civil action against Patricia Kern,[3] among others, as a result of the civil investigation.[4] (*See generally* Complaint, *United States v. Kern, et al.*, Case No. 2:18-cv-00283-JAD-PAL, ECF No. 1).  In February of 2019, the Government charged Ms. Kern via Information as a result of the criminal investigation. (*See generally* Information, *United States v. Kern*, 2:19-cr-00032-RFB-VCF-1, ECF No. 8).  In November of 2019, the Government obtained an Indictment against Defendants in the instant case. (*See generally* Indictment).  Now, the Government moves the Court to prohibit Defendants "from presenting evidence or argument about the civil injunction case," including "the civil team's litigation decisions." (*See id.* 5:3–12:6).  Several Defendants responded, arguing they should be able to use evidence regarding the civil case at trial to, among other things, attack the credibility of Ms. Kern.

## II. LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a).  In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding

---

[3] It is important to note that Ms. Kern played a key role in the alleged fraud scheme in the instant case and signed a consent decree that led to enjoining the fraud scheme in the civil case.
[4] None of the Defendants in this case were defendants in the civil case. (Gov.'s MIL 3:23–4:2).

admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41. Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine, the evidence must be inadmissible "on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

### III.     DISCUSSION

The Government argues the Court should bar all Defendants "from presenting evidence or argument about the civil injunction case" because: (1) the fact that Defendants were not part of the civil case does not exculpate them from the charges here; (2) it would mislead and confuse the jury; and (3) it is unnecessary for cross-examination. (*See generally* Gov.'s MIL). The Court addresses each argument in turn.

///

///

### A. The Government's Decision Not to Include Defendants in the Civil Case

The Government contends that "the existence of the civil case against a different set of defendants" is irrelevant to the charges brought in this case. (*See* Gov.'s MIL 5:12–6:13). "[T]he decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). If she wishes, a defendant may challenge the prosecutor's discretion "in a motion to the Court before trial." *United States v. Farrar*, 338 F. Supp. 3d 1186, 1189 (D. Haw. 2018). Here, issues regarding the Government's decision not to prosecute them in the civil case should only be addressed in motions to the Court, not before the jury. Accordingly, Defendants are prohibited from raising the issue of their absence from the civil case at trial. *Farrar*, 338 F. Supp. 3d at 1189.

### B. Misleading or Confusing the Jury and Cross-Examination

The Government argues that "evidence or argument about who the civil team sued would be misleading, confusing, and a waste of time because the civil team made its enforcement decision based on the statutory requirements for section 1345." (Gov.'s MIL 6:16–18). It also contends that "[t]he risk of confusing and misleading the jury and wasting time is especially great because, although the civil case did not include these defendants, they were already within the scope of the criminal investigation." (*Id.* 7:3–5). Defendant Mario Castro responds that the jury will neither be confused nor misled because "the allegations and alleged facts in the civil . . . and criminal case[s] are woven together." (Def. Mario Castro's Resp. 11:1–3).

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, the Court is persuaded that admitting the civil case may confuse or mislead the jury. Defendant Salvador Castro argues the civil case is inextricably intertwined with the instant case. (*See generally* Def. Salvador Castro's Resp., ECF No. 413). In Defendant Mario Castro's Response, joined by Defendant Salvador Castro, he contends the civil case shows motivation or bias of Government witnesses to testify against Defendants here, including Ms. Kern. (*See generally* Def. Mario Castro's Resp., ECF No. 418). Defendant Jose Mendez avers he intends to use the Government's allegations in the civil case's pleadings and affidavits as admissions of a party-opponent. (*See generally* Def. Jose Mendez's Resp., ECF No. 420).

However, Defendants do not sufficiently show the probative value of the civil case. While the Court appreciates that Defendants wish to use the civil case to attack the credibility of Patricia Kern's motive to testify or bias, the Government correctly points to a multitude of ways Defendants can do so in other ways. (*See* Gov.'s MIL 8:4–16) (stating that Defendants could examine Ms. Kern on her criminal plea and cooperation agreements, statements to the Government, bank records, transcript of her criminal plea hearing, and documents and items obtained pursuant to search warrants). Further, the civil case did not produce interviews or discovery and Ms. Kern's Consent Decree did not admit or deny the allegations in the civil case's Complaint. (*See* Stipulated Consent Decree 2:13–16, *Kern, et al.*, Case No. 2:18-cv-00283-JAD-PAL, ECF No. 30) ("Defendant Patti A. Kern . . . would assert defenses and deny liability in this action; make no admission of fact, law, liability or wrong doing and has agreed to this Consent Decree and Final Judgment to avoid the delay, uncertainty, inconvenience and expense of protracted litigation."); (*id.* ¶ 3) ("[Ms. Kern] neither admits nor denies any allegations in the Complaint" except for "the facts necessary to establish jurisdiction.").

Accordingly, considering the vague assertions provided by the Defendants about its probative value, Defendants will be prohibited from presenting evidence or argument about the civil injunction case, including the civil team's litigation decisions. However, the Court is willing to reconsider its decision if Defendants can sufficiently articulate the probative value of the civil case. For example, if Ms. Kern provided documents in compliance with the Consent Decree, and defense can articulate the probative value of those documents and/or of their origin, the Court might find the probative value outweighs the prejudicial effect. The Court can envision other scenarios where Defendants might be able to better articulate the probative value of the civil case despite the fact they have fallen short today. It is the experience of this Court, that rather than hiding the existence of something, such matters tend to reveal themselves to the jury during trial and an honest treatment of the issue up front can mitigate or diminish its prejudicial effect and the jury's confusion. As such, the Government is on notice that it should be prepared to potentially call witnesses necessary to address this issue.[5]

///
///
///
///
///
///
///

---

[5] If Defendants can proffer a specific probative value, Defendants will have the right to attack the credibility of the Government's witnesses with evidence from the civil case, including motive to testify against them. *See United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1203 (C.D. Cal. 1999) (explaining that information revealing the process by which a witness receives leniency from the government "is relevant to the witness's credibility because it reveals the witness's motive to testify against the defendant"). However, Defendants will still be prohibited from using the civil case to raise impermissible arguments about their absence from the civil case.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Government's Motion in Limine, (ECF No. 396), is **GRANTED** to the extent consistent with this Order.

**IT IS FURTHER ORDERED** that Defendant Salvador Castro's Motion for Joinder, (ECF No. 433), is **GRANTED**.

**DATED** this __15__ day of September, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court