# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:19-cr-00295-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| MARIO CASTRO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is Defendant Mario Castro's Motion to Preclude 404(b) Evidence, (ECF No. 289).[1]  The Government filed a Response, (ECF No. 314), to which Defendant filed a Reply, (ECF No. 368).[2]

Also pending before the Court is the Government's Motion in Limine, (ECF No. 315). Defendant Mario Castro filed a Response, (ECF No. 369), to which the Government filed a Reply, (ECF No. 377).

For the reasons discussed below, the Court **DENIES** Defendant's Motion to Preclude 404(b) Evidence and **GRANTS** the Government's Motion in Limine.

///

///

---

[1] Defendant Jose Luis Mendez filed a Motion for Joinder to Defendant Mario Castro's Motion to Preclude 404(b) Evidence. (*See generally* Defendant Jose Luis Mendez's Mot. Joinder, ECF No. 305).  Defendant Salvador Castro also filed a Motion for Joinder to Defendant Mario Castro's Motion to Preclude 404(b) Evidence. (*See generally* Def. Salvador Castro's Mot. Joinder, ECF No. 310).  For good cause appearing, the Court **GRANTS** Defendant Jose Luis Mendez's Motion for Joinder, (ECF No. 305), and Defendant Salvador Castro's Motion for Joinder, (ECF No. 310).

[2] Defendant Salvador Castro filed a Motion for Joinder to Defendant Mario Castro's Reply to the Government's Response to Defendant Mario Castro's Motion to Preclude 404(b) Evidence. (*See generally* Def. Salvador Castro's Mot. Joinder, ECF No. 373).  For good cause appearing, the Court **GRANTS** Defendant Salvador Castro's Motion for Joinder, (ECF No. 373).

## I.   __BACKGROUND__

On November 12, 2019, a grand jury issued an Indictment charging Defendant with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, twelve counts of mail fraud, in violation of 18 U.S.C. § 1341, and a related forfeiture allegation. (*See* Indictment 4:1–9:16, 10:4–12:2, ECF No. 1).  On March 2, 2022, the Government provided Defendants notice that it intended to admit evidence of three acts of Defendants, including that: (1) between 2007 and 2013, Defendants "printed fraudulent prize notifications for Glen Burke and that the defendants knew that Burke's prize-notification operation was shut down as a result of a government enforcement action and that Burke was later criminally charged in connection with the prize notifications;" (2) Defendants "knew that, in 2010, the U.S. Postal Service brought cease-and-desist proceedings, resulting in a cease-and-desist order, against Richard Knowles related to fraudulent prize notifications;" and (3) Defendant Mario Castro, from 2010 to 2012, was "a partner in a mail scam involving a product called Citra-Slim and was subpoenaed by the Federal Trade Commission in connection with a government enforcement action related to Citra-Slim." (*See* Notice to Defendants, Ex. A to Mot. Preclude 404(b) Evidence ("Mot. Preclude") at 1, ECF No. 289-1).  Defendant Mario Castro now moves to preclude evidence referenced in the March 2, 2022, Notice. (*See generally* Mot. Preclude).  The Government filed a Motion in Limine to admit this evidence. (*See generally* Gov.'s Mot. in Limine, ECF No. 315).  The Court now considers both Motions.

## II.   __LEGAL STANDARD__

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a).  In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding

admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)).  In limine rulings "are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41. Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).  To exclude evidence on a motion in limine, the evidence must be inadmissible "on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."  *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

## III.   <u>DISCUSSION</u>

The issue at the heart of both Defendant's Motion to Preclude and the Government's Motion in Limine concerns whether the evidence referenced in the March 2, 2022, Notice is admissible at trial.  The parties also argue whether the March 2, 2022, Notice was deficient. The Court will first address the issue of notice, then turn to whether the evidence referenced in the March 2, 2022, Notice is admissible.

///

///

///

## A. **Notice**

Defendant Mario Castro contends the March 2, 2022, Notice is deficient because the Government does not provide witnesses or evidence it would use to support the evidence referenced in the March 2, 2022, Notice. (*See* Mot. Preclude 3:7–5:4). The Government responds that it complied with the notice requirements under Rule 404(b)(3). (*See* Gov.'s Resp. 13:15–16:17). Under FRE 404(b)(3), to satisfy notice, the Government must:

> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
> (C) do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

FRE 404(b)(3) does not "require the prosecution to disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under Federal Rule of Criminal Procedure 16." Fed. R. Evid. 404, Advisory Committee's Note to 1991 Amendment. Instead, the Government need only provide a generalized notice provision apprising Defendants of the general nature of the evidence of extrinsic acts. *Id.* Here, the Government has satisfied the notice requirements under FRE 404(b)(3). The Notice provides Defendants a generalized notice apprising them of the general nature of the evidence the Government may introduce at trial. For instance, the Government indicates that they may seek to introduce evidence about Defendants printing fraudulent prize notifications for Glen Burke and Richard Knowles and Defendant Mario Castro's involvement in a mail scam involving a product called Citra-Slim. (*See* Notice to Defendants, Ex. A to Mot. Preclude at 1). These

///

///

///

///

references sufficiently put Defendants on notice of evidence that may be used at trial.[3]

Accordingly, the Government has satisfied the notice requirements under FRE 404(b)(3).

### B. **FRE 404(b) Evidence**

Turning to the merits, the Government argues that evidence referenced in the March 2, 2022, Notice is admissible pursuant to FRE 404(b), while Defendant Mario Castro disagrees. (*See generally* Mot. Preclude); (Gov.'s Resp., ECF No. 314).  The Court addresses each act in the March 2, 2022, Notice in turn.

Under FRE 404(b), evidence of crimes, wrongs, or other acts is not admissible to prove the character of an accused in order to show action in conformity with that character.  *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993); Fed. R. Evid. 404(b)(1).  However, this evidence can be admitted under FRE 404(b) if the evidence is used to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b)(2).  In order to be properly admitted under FRE 404(b), evidence must satisfy four requirements: "(1) it must prove a material element of the offense for which the defendant is now charged; (2) in certain cases [where knowledge or intent are at issue], the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based upon sufficient evidence; and (4) the prior conduct must not be too remote in time." *Arambula-Ruiz*, 987 F.2d at 602.

///

///

///

///

///

---

[3] For the same reasons, the Court rejects Defendant Mario Castro's argument that the March 2, 2022, Notice is vague.  In addition, Defendant Mario Castro's cumulative argument is unavailing as there is no other similar evidence related to Glen Burke, Richard Knowles, or the Citra-Slim mailings.

*i.   Printing Fraudulent Price Notifications for Glen Burke and Richard Knowles*

The first act the Government may introduce as evidence against Defendants is as follows:

> [T]he defendants printed fraudulent prize notifications for Glen Burke and that the defendants knew that Burke's prize-notification operation was shut down as a result of a government enforcement action and that Burke was later criminally charged in connection with the prize notifications.  The defendants printed these prize notifications, which were similar to those charged in the indictment, for Burke from 2007 to 2013.  The Federal Trade Commission obtained a court order that shut down Burke's operation in January 2013.  Burke was criminally charged in September 2016.  The defendants knew about the 2013 court order and the 2016 criminal charges.

(*See* Notice to Defendants, Ex. A to Mot. Preclude at 1).  Defendant Mario Castro argues the Government did not "provide the witnesses or evidence it would use to support the admission of this act, or rather this series of acts spanning years." (Mot. Preclude 3:7–18).  The second act the Government aims to introduce as evidence against Defendants is as follows:

> [T]he defendants knew that, in 2010, the U.S. Postal Service brought cease-and-desist proceedings, resulting in a cease-and-desist order, against Richard Knowles related to fraudulent prize notifications.   The defendants printed these prize notifications, which were similar to those charged in the indictment, for Knowles at the time.  Defendants also knew that Knowles and his common-law wife, Ricki Black – who was a former employee of defendant Mario Castro – were indicted for mail fraud in Florida in 2012 based on fraudulent prize notifications that were printed by the defendants.

(*See* Notice to Defendants, Ex. A to Mot. Preclude at 1).  Defendant Mario Castro argues the Government failed to "provide or point to the documents and witnesses through which it seeks to bring in the civil and criminal allegations at issue in that case." (Mot. Preclude 4:4–6).

Here, all four *Arambula-Ruiz* elements are met.  First, printing fraudulent prize notifications for Glen Burke and knowing that Burke's price-notification operation was shut

down because of government enforcement tends to prove a material point, namely allegedly intending to devise a fraud scheme or knowingly using the mails to carry out the fraud scheme, because the prize notifications for Burke were similar to those charged in the Indictment.  The same is true for printing fraudulent prize notifications for Richard Knowles.  Both intent and knowledge are implicated as elements in the charged offenses. *See, e.g.*, 18 U.S.C. § 1341 ("Whoever, having devised or *intending* to devise any scheme or artifice to defraud . . . .") (emphasis added); *id.* ("Whoever . . . *knowingly* causes to be delivered by mail or such carrier according to the direction thereon . . . .") (emphasis added).  Second, the first and second acts, that of printing fraudulent prize notifications, are similar to the charged conduct because both offenses involve allegedly printing fraudulent prize notifications and committing fraud.

Third, the Government proffers that it will introduce witness testimony and documents demonstrating that Defendants printed fraudulent prize notifications for Glen Burke and Richard Knowles, that Burke was shut down by government enforcement in 2013, law enforcement visited Defendants' print shop in connection to the enforcement action, and that the print shop closed and changed names as a result. (*See* Gov.'s Resp. 9:21–10:16).  The Government also states it will introduce "witness testimony and emails showing that defendants talked extensively with each other and with their co-conspirators about law enforcement efforts because they needed to do so to keep their business running and avoid getting caught." (*Id.* 10:14–16).  In addition, the Government adds that most of this testimony will come from witnesses already testifying on other matters. (*Id.* 11:3–4).  Thus, the third element is met. *See United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (holding that there was sufficient evidence to the meet the "low threshold" of the third prong of the Rule 404(b) test because evidence of prior acts was admitted through witness testimony).  Finally, the conduct underlying the first and second acts is not "too remote in time" because it overlapped with the

conduct underlying the instant offenses.  Accordingly, the first and second acts referenced in the March 2, 2022, Notice are admissible under FRE 404(b).

### ii.  The Citra-Slim Mail Scam

The third act the Government may introduce as evidence against Defendants is as follows:

> [D]efendant Mario Castro, from at least as early as 2010 to 2012, was a partner in a mail scam involving a product called Citra-Slim and was subpoenaed by the Federal Trade Commission in connection with a government enforcement action related to Citra-Slim.

(*See* Notice to Defendants, Ex. A to Mot. Preclude at 1).  Defendant Mario Castro argues that he "does not appear to be bound by the injunction issued in February 2019, nor has the government provided the documents and witnesses through which it seeks to introduce this evidence." (Mot. Preclude 4:17–19).

Here, all four *Arambula-Ruiz* elements are met.  First, being part of a mail scam tends to prove a material point, namely allegedly intending to or planning to devise a fraud scheme or knowingly using the mails to carry out the fraud scheme, because the third act and the alleged charges constitute similar conduct and involve fraud using the mails to perpetrate said fraud. Second, the third act, that of being a partner in a mail scam, is similar to the charged conduct because both offenses involve committing fraud and using the mails to perpetrate said fraud. Third, the Government proffers that it "expects to offer witness testimony that Mario Castro printed mail for, and was a partner in, the Citra-Slim diet-pill mail scam," that Defendant Mario Castro knew the Government "brought an enforcement action against one of his partners seeking to enjoin the fraud," and that he received a subpoena as part of that action. (Gov.'s Resp. 10:17–11:2).  And again, the Government states that most of this testimony will come from witnesses already testifying on other matters. (*Id.* 11:3–4).  Thus, the third element is met. Finally, the conduct underlying the third act is not "too remote in time" because it overlapped

with the conduct underlying the instant offenses.  Accordingly, the third act referenced in the March 2, 2022, Notice is admissible under FRE 404(b).

### C. **FRE 403**

Next, Defendant Mario Castro argues that the Government does not demonstrate that any evidence referenced in the March 2, 2022, Notice would be more probative than prejudicial. (*See* Mot. Preclude 5:5–9:3).  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Defendant claims the evidence referenced in the March 2, 2022, Notice is vague, cumulative, and will confuse the jury. (*See* Mot. Preclude 9:9–13).  However, as explained above, the evidence is neither vague nor cumulative as the Notice apprises Defendants of the general nature of the evidence the Government may introduce at trial, and there is no other similar evidence related to Glen Burke, Richard Knowles, or the Citra-Slim mailings.  As to confusion of the jury, the Government will only be able to use this evidence in a limited and focused way, accompanied by a limiting instruction so the jury comprehends that the evidence is only being introduced to show proof of motive, intent, knowledge, identity, absence of mistake or accident, and consciousness of guilt. (*See* Gov.'s Resp. 11:23–13:4).  Thus, the Court finds that the prejudicial effect of the evidence referenced in the March 2, 2022, Notice does not outweigh its probative value.

However, to avoid any unfair prejudice to Defendants, the Court will issue a limiting instruction to the jury that evidence referenced in the March 2, 2022, Notice is admissible for the limited purpose of showing Defendants' motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident.  The Court will explain to the jury that Defendants are only on trial for the conduct related to the alleged fraud scheme as

charged in the Indictment, and that they are not on trial for the conduct underlying the three acts referenced in the March 2, 2022, Notice.

**IV.**      **CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion to Preclude 404(b) Evidence, (ECF No. 289), is **DENIED**.

IT IS FURTHER ORDERED that the Government's Motion in Limine, (ECF No. 315), is **GRANTED** to the extent consistent with this Order.

IT IS FURTHER ORDERED that Defendant Jose Luis Mendez's Motion for Joinder, (ECF No. 305), is **GRANTED**.

IT IS FURTHER ORDERED that Defendant Salvador Castro's Motion for Joinder, (ECF No. 310), is **GRANTED.**

IT IS FURTHER ORDERED that Defendant Salvador Castro's Motion for Joinder, (ECF No. 373), is **GRANTED.**

DATED this   20   day of September, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court