# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cr-00295-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| MARIO CASTRO, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Defendant Mario Castro's ("Defendant's") Appeal of the Magistrate Judge's Order Denying his Motion for a Bill of Particulars, (ECF No. 306), to which the Government filed a Response, (ECF No. 313).

For the reasons discussed below, the Court **OVERRULES** Defendant's Appeal of Magistrate Judge Koppe's Order and **AFFIRMS** Magistrate Judge Koppe's Order.

## I. BACKGROUND

On November 12, 2019, a grand jury issued an Indictment charging Defendant with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, twelve counts of mail fraud, in violation of 18 U.S.C. § 1341, and a related forfeiture allegation. (*See* Indictment 4:1–9:16, 10:4–12:2, ECF No. 1). Defendant moved for a bill of particulars, explaining that he required more information than what the Government provided in the Indictment. (*See generally* Mot. Bill Particulars, ECF No. 252). Judge Koppe provides a detailed review of the facts and procedural history of this matter in the Order addressing Defendant's Motion for a Bill of Particulars. (*See* Order 1:16–3:9, ECF No. 294). In the Order, Judge Koppe denies Defendant's Motion because along with the undisputed discovery provided, the Indictment is sufficient to inform Defendant of the nature of the charges to allow him to prepare his defense.

(*See id.* 3:11–6:7).  Defendant Mario Castro now appeals the Magistrate Judge's Order, (*see generally* Appeal, ECF No. 306), and the Government filed a Response, (*see generally* Gov.'s Resp. Appeal, ECF No. 313).

## II.    LEGAL STANDARD

The parties disagree on the applicable standard of review of the Magistrate Judge's Order.  Defendant argues the Court should review the Magistrate Judge's Order *de novo* because his Motion for a Bill of Particulars is a dispositive matter. (*See* Appeal 2:2–18).  The Government, however, contends the Court should review the Order under a "clearly erroneous" standard because Defendant's Motion is a non-dispositive matter. (*See* Gov.'s Resp. 2:3–21). "A motion for a bill of particulars is a non-dispositive matter, so it is subject to final determination by a magistrate judge." *United States v. Orrock*, No. 2:16-cr-00111-JAD-CWH, 2017 WL 6421328, at *1 (D. Nev. Dec. 14, 2017).  Thus, the Court will review Judge Koppe's Order to determine if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

"The threshold of the 'clearly erroneous' test is high and significantly deferential." *United States v. Shiraishi*, CR. NO. 17-00582 JMS/RLP, 2018 WL 3370522, at *1 (D. Haw. July 10, 2018).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *United States v. Mercado-Moreno*, 869 F.3d 942, 959 (9th Cir. 2017).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *United States v. Palafox*, No. 2:16-cr-00265-GMN-CWH1, 2019 WL 281279, at *1 (D. Nev. Jan. 18, 2019) (citation omitted).  When reviewing the Order, however, the Magistrate Judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007).  The District Judge "may not simply substitute its judgment" for that of the Magistrate Judge. *Grimes v. City and County of San*

*Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

### III.  DISCUSSION

Defendant moved for a bill of particulars because the Indictment is vague. (*See generally* Mot. Bill Particulars). Judge Koppe provides a detailed review of the parties' arguments regarding the instant Motion in her Order. (*See* Order 1:23–3:9). Defendant appeals, arguing that Judge Koppe erred because the Indictment is vague, ambiguous, and does not sufficiently inform him of the charges against him. (*See* Appeal 3:7–9:17).

The constitutional requirements for an indictment are "first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id.*, 549 U.S. at 108 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974). "The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (citation omitted). A bill of particulars has three functions: "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting United States v. Brimley, 529 F.2d 103, 108 (6th Cir. 1976)).

The function and purpose of a bill of particulars is served when "the indictment itself provides sufficient details of the charges and [when] the Government provides full discovery to the defense." *Mitchell*, 744 F.2d at 705. The Court "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made

by the government." *Long*, 706 F.2d at 1054 (citing *Giese*, 597 F.2d at 1180). The defendant "is not entitled to know all the Evidence the government intends to produce, but only the Theory of the government's case." *Giese*, 597 F.2d at 1181 (quoting *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963)). A request for the "'when, where, and how' of every act in furtherance of the conspiracy [is] equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars." *Id.*

Here, Judge Koppe's conclusion that the Indictment and associated disclosures are sufficiently clear to allow Defendant to prepare a defense is not clearly erroneous or contrary to law. The Government has explained its theory of the case in great detail numerous times, including in the Indictment, in its Responses to the initial Motion and to this Appeal, and to various other filings on the docket. (*See generally* Indictment, ECF No. 1); (Gov.'s Resp. Mot. Bill Particulars 2:5–3:2, ECF No. 267); (Gov.'s Resp. Appeal 2:10–3:6, ECF No. 313). Further, Judge Koppe is correct that the Indictment itself provides enough details of the charges against Defendant: the Indictment describes the alleged fraud scheme and its objectives, who was allegedly involved, how Defendants allegedly achieved said objectives, and it provides detailed allegations of the fraudulent prize notifications operation—including specific language from the notifications—the direct mailing operation, and the concealment effort. (*See* Indictment ¶¶ 1–26). The Indictment also includes Defendant's name in seven of the twelve paragraphs under the manner and means section, describing his role in allegedly carrying out the fraud scheme. (*Id.* ¶¶ 11, 16–18, 20–22).

Moreover, Defendant's arguments that the Government left him without guidance to review the discovery is unavailing. The Government has provided Defendant full and extensive discovery to prepare his defense. For example, it has provided bank account and incorporation records, returns from email and premises warrants, and importantly, various memoranda summarizing key witness interviews. (*See* Gov.'s Resp. Mot. Bill Particulars 3:3–

7).  In addition, the Government produced a 66-page search warrant affidavit that included information supporting the Government's theory of the case and conducted a presentation providing the specific evidence underlying the charges. (*Id.* 3:7–12).  Thus, it was not clearly erroneous or contrary to law for Judge Koppe to determine that the Indictment itself, as well as the discovery disclosures, is sufficiently clear to allow Defendant to prepare a defense. Accordingly, the Court overrules Defendant's Appeal of Judge Koppe's Order.

IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant Mario Castro's Appeal of Magistrate Judge Koppe's Order, (ECF No. 306), is **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Koppe's Order, (ECF No. 294), is **AFFIRMED**.

DATED this __20__ day of September, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court