# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:19-cr-00295-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| MARIO CASTRO, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court is Defendant Mario Castro's Motion in Limine, (ECF No. 431).  The Government filed a Response, (ECF No. 458), to which Defendant filed a Reply, (ECF No. 507).

For the reasons discussed below, the Court **DENIES** Defendant's Motion in Limine.

## I.    BACKGROUND

On November 12, 2019, a grand jury issued an Indictment charging Defendant with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, twelve counts of mail fraud, in violation of 18 U.S.C. § 1341, and a related forfeiture allegation. (*See* Indictment 4:1–9:16, 10:4–12:2, ECF No. 1).  The Indictment alleges "[t]he scheme caused over $10 million in losses to victims, many of whom were elderly and vulnerable." (*Id.* ¶ 1).  Defendant Mario Castro now moves to preclude evidence showing that the alleged victims are deceased, vulnerable, and/or elderly. (*See generally* Def.'s Mot. Limine ("Def.'s MIL"), ECF No. 431). The Government filed a Response, (ECF No. 458), and Defendant filed a Reply, (ECF No. 507).

///

///

## II.   <u>LEGAL STANDARD</u>

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a).  In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)).  In limine rulings "are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41. Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).  To exclude evidence on a motion in limine, the evidence must be inadmissible "on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."  *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

## III.   <u>DISCUSSION</u>

Defendant offers three arguments as to why evidence showing that the alleged victims are deceased, vulnerable, and/or elderly is inadmissible: (1) the evidence is not relevant; (2) the

evidence is substantially outweighed by the danger of unfair prejudice; and (3) evidence presented by an alleged victim's family member on behalf of the deceased victim is inadmissible hearsay. (*See* Def.'s MIL 2:15–6:18).  The Court addresses issue each in turn.

### A. **FRE 402**

Defendant begins by arguing that evidence showing that the alleged victims are deceased, vulnerable, and/or elderly is not relevant because the statutes underlying the charges brought against Defendant do not require showing victims as vulnerable or elderly. (*See* Def.'s MIL 2:15–4:24).  The Government responds that this evidence is relevant because it "is critical to understanding how defendant and his co-conspirators targeted victims to carry out their scheme to defraud and why these victims were susceptible to the fraudulent scheme." (Gov.'s Resp. 4:7–9, ECF No. 458).

"Irrelevant evidence is not admissible." Fed. R. Evid. 402.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *Velazquez v. City of Long Beach*, 739 F.3d 1010, 1028 (9th Cir. 2015).

Here, evidence showing the alleged victims are deceased, vulnerable, and/or elderly is relevant because it contributes to showing how the alleged fraud scheme worked. *See United States v. Ciccone*, 219 F.3d 1078, 1083 (9th Cir. 2000) (citation omitted) ("[T]he lack of guile on the part of those solicited may itself point with persuasion to the fraudulent character of the artifice.").  This evidence goes to demonstrating materiality of falsehood, which is an element of mail fraud. *See Neder v. United States*, 527 U.S. 1, 25 (1999).  "[T]o determine the materiality of Defendant's [alleged] false statements, the jury must consider whether they had a natural tendency to influence, or were capable of influencing, the decision of the decision-making body to which they were addressed." *United States v. Maximov*, No. CR10-822-PHX-DGC, 2011 WL 4915162, at *3 (D. Ariz. Oct. 17, 2011).  In this case, the decision-making

body are the individuals to whom Defendants allegedly sent fraudulent prize notifications. *See, e.g.*, *United States v. Somee*, No. 2:10-cr-00273-MMD, 2012 WL 5473153, at *2 (D. Nev. Nov. 9, 2012), *aff'd*, 584 F. App'x 829 (9th Cir. 2014) (citation omitted) (explaining that in cases regarding fraudulent loan applications, "to determine materiality, a jury 'must know something about the lenders' decision-making process.'").  Thus, it is relevant for the jury to understand that the victims are deceased, vulnerable, and/or elderly to demonstrate the materiality of Defendant's alleged false statements.

### B.  FRE 403

Defendant contends that even if evidence showing that the alleged victims are deceased, vulnerable, and/or elderly is relevant, the evidence "is an overt attempt to curry sympathy from the jury," which "has an unduly prejudicial impact that outweighs any proffered probative value." (Def.'s MIL 6:1–3).  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Here, as the Government explains, the evidence has a high probative value because it demonstrates how the alleged fraud scheme operated and was achieved and why it was material to the victims.  Accordingly, the Court finds that the prejudicial effect of evidence showing that the alleged victims are deceased, vulnerable, and/or elderly does not substantially outweigh its probative value.

### C.  Family Members' Testimony

Finally, Defendant avers that evidence presented by an alleged victim's family member on behalf of the deceased victim is inadmissible hearsay. (*See* Def.'s MIL 6:4–18).  The Government responds that "family witnesses will be testifying about their own observations." (Gov.'s Resp. 6:14–7:2).  In his Reply, Defendant asserts the Court should prohibit "non-

victims from testifying about what they believed victims believed." (*See* Def.'s Reply 4:25–27, ECF No. 507).

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed . R. Evid. 602.  "The [FRE] define hearsay as 'a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.'" *United States v. Orm Hieng*, 679 F.3d 1131, 1141 (9th Cir. 2012) (quoting Fed. R. Evid. 801(c)).  Hearsay statements are not admissible at trial unless they "fit within an exception to the rule against hearsay." *Id.* (citing Fed. R. Evid. 802, 805).

Here, the family witnesses' testimony is not hearsay if their testimony is based on personal knowledge and not offered for the truth of the matter asserted.  Defendant claims that any witness testifying as to what they saw or heard regarding an alleged victim relies on hearsay, such as seeing alleged victims write checks or win money. (*See* Def.'s Reply 5:12–16). However, the Government does not seek to admit evidence that a witness observed an alleged victim write a check to show the contents of that check are true or that the alleged victim paid money via the check. (*See* Gov.'s Resp. 8:16–9:14).  Rather, the evidence would go towards the witness's belief that the alleged victim believed she or he would win money by responding to the fraudulent prize notification, which is admissible. (*See id.* 9:7–12); Fed. R. Evid. 803(3). Further, testimony regarding alleged victims' beliefs that they won money or their intent to share their winnings is admissible because they do not go toward showing the truth of the matter asserted, but rather to the alleged victims' states of mind. *See* Fed. R. Evid. 803(3).  The Government makes it clear that it does not intend to introduce evidence that alleged victims believed they won money to show that they actually won money. (*See* Gov.'s Resp. 9:13–18). Instead, the Government can use this evidence to help illustrate the alleged victims' belief that they won money and that the alleged victims did not win any money.  Thus, the Government is

not precluded from introducing family witnesses' testimony regarding alleged victims,
provided the testimony is not offered for the truth of the matter asserted.  Accordingly, the
Court denies Defendant's Motion in Limine.

## IV.   **CONCLUSION**

      **IT IS HEREBY ORDERED** that Defendant Mario Castro's Motion in Limine, (ECF
No. 431), is **DENIED**.

      **DATED** this __21__ day of September, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court