**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                     )<br>              Plaintiff,           )<br>       vs.                                        )<br>                                                     )<br>MARIO CASTRO, *et al.*,             )<br>                                                     )<br>              Defendants.        )<br>_____)   | Case No.: 2:19-cr-00295-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Government's Motion in Limine, (ECF No. 423). Defendant Salvador Castro filed a Response, (ECF No. 466), as did Defendant Mario Castro, (ECF No. 471). The Government did not file a Reply.

For the reasons discussed below, the Court **DENIES** the Government's Motion in Limine.

**I.    BACKGROUND**

On November 12, 2019, a grand jury issued an Indictment charging Defendant with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, twelve counts of mail fraud, in violation of 18 U.S.C. § 1341, and a related forfeiture allegation. (*See* Indictment 4:1–9:16, 10:4–12:2, ECF No. 1). Prior to obtaining the Indictment, the Government sent target letters to the attorneys of Defendant Mario Castro and an undisclosed co-conspirator ("UC"), informing them that they were "targets" of an investigation related to the alleged fraud scheme in this case. (*See* Gov.'s Mot. Limine ("Gov.'s MIL") 3:5–8, ECF No. 423). The Government alleges that after receiving the target letters, Defendant Mario Castro and UC fled to Mexico. (*Id.* 3:12). The Government now moves to admit evidence of their travel to Mexico

after receiving target letters. (*See* Gov.'s MIL 2:7–9). Defendant Salvador Castro filed a Response, (ECF No. 466), as did Defendant Mario Castro, (ECF No. 471).

## II. LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41. Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine, the evidence must be inadmissible "on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

///

### III. DISCUSSION

The Government seeks to admit evidence that Defendant Mario Castro and UC traveled to Mexico after receiving target letters because it "is probative of their consciousness of guilt and explains UC's absence from the trial." (Gov.'s MIL 2:7–9). Defendant Salvador Castro objects, arguing that the Government should not be able to attribute UC's consciousness of guilt against him.[1] (*See* Def. Salvador Castro's Resp. 2:11–13, ECF No. 466). Defendant Mario Castro also objects, contending the evidence the Government seeks to admit is not admissible to show consciousness of guilt. (*See* Def. Mario Castro's Resp. 4:4–6:13, ECF No. 471).

"Evidence of flight is generally admissible as evidence of consciousness of guilt and of guilt itself." *United States v. Harris*, 792 F.2d 866, 869 (9th Cir. 1986). "The relevance and the probative value of the evidence are, in the first instance, for the judge. . . . Thereafter, the probative value of flight evidence depends upon all facts and circumstances and is a question of fact for the jury." *Id.* "Flight evidence is probative of a defendant's guilt if four inferences are justified: '(1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.'" *United States v. King*, 200 F.3d 1207, 1215 (9th Cir. 1999) (quoting *United States v. Silverman*, 861 F.2d 571, 581 (9th Cir. 1988)).

Here, evidence of Defendant Mario Castro and UC traveling to Mexico is inadmissible. The Government asserts that Defendant fled to Mexico soon after learning he was a target of a

---

[1] The Court finds Defendant Salvador Castro's argument unavailing, as the Government is not seeking to admit evidence of Defendant Mario Castro and UC's flight to Mexico to attribute it to Defendant Salvador Castro. The Government seeks to admit Defendant Mario Castro's flight to demonstrate said Defendant's consciousness of guilt. (*See* Gov.'s MIL 5:14) ("The Court may wish to provide a limiting instruction to the jury indicating that the evidence [relating to flight] applies only to [Defendant] Mario Castro."). Further, the Government does not seek to admit UC's flight to Mexico unless any Defendant "opens the door with evidence or argument about UC's absence." (*Id.* 5:4–6).

1  federal investigation. (*See* Gov.'s MIL 3:12, 5:5–6).  However, this is quickly dispelled by
2  Defendant's Response.  In it, Defendant contends consciousness of guilt did not exist because
3  he traveled to Mexico under the advice of his counsel, he went to Mexico to start an irrigation
4  business, and he voluntarily returned to the United States. (*See* Def. Mario Castro's Resp. 2:9–
5  3:26).  Indeed, as Defendant notes, he only traveled to Mexico until after he discussed it with
6  his attorney and received his attorney's approval.  (*See* Decl. Don Chairez ¶¶ 3–5, 8–10, Ex. B
7  to Def. Mario Castro's Resp., ECF No. 471-2).  Moreover, he was only in Mexico for two
8  months and returned without issue. (Def. Mario Castro's Resp. 3:3–4:10); (*See also* Whatsapp
9  Messages, Ex. C to Def. Mario Castro's Resp., ECF No. 471-3); (Whatsapp Messages, Ex. D to
10 Def. Mario Castro's Resp., ECF No. 471-4); (Gov.'s MIL 3:12–14).  While in Mexico,
11 Defendant engaged in multiple discussions with various vendors about drip irrigation quotes
12 and attended an Expo in Mexico City to presumably review similar products. (*See* Whatsapp
13 Messages, Ex. C to Def. Mario Castro's Resp.); (Whatsapp Messages, Ex. D to Def. Mario
14 Castro's Resp.).  In light of these circumstances and evidence, the Government fails to
15 demonstrate the probative value of Defendant's travel to Mexico.  Further, the Government has
16 not shown sufficient evidence to draw the four circumstantial *King* inferences.  Accordingly,
17 the Court prohibits use of evidence of Defendant Mario Castro's travel to Mexico at trial.[2]
18 ///
19 ///
20 ///
21 ///
22 ///
23
24
25 [2] Likewise, evidence of UC's travel to Mexico is inadmissible because the Government fails to meet its burden of demonstrating its relevance to the guilt of any of the Defendants.  UC's travel to Mexico is only admissible against UC, so it will not be used to demonstrate evidence of guilt.  If the Government wishes, it may introduce evidence that UC is not being tried because he is deceased or died in Mexico.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that the Government's Motion in Limine, (ECF No. 423), is **DENIED**.

**DATED** this __22__ day of September, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court