# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,  )
  )
                Plaintiff,  )  Case No.: 2:19-cr-00295-GMN-NJK
  vs.  )
  )  **ORDER**
MIGUEL CASTRO, *et al.*,  )
  )
                Defendants.  )
  )

Pending before the Court is Defendant Miguel Castro's ("Defendant's") Motion to Preclude, (ECF No. 451), to which the Government filed a Response, (ECF No. 520).

Also pending before the Court is Defendant Miguel Castro's Appeal of Magistrate Judge Koppe's Order Striking his Motion to Suppress, (ECF No. 459), to which the Government filed a Response, (ECF No. 521).

For the reasons discussed below, the Court **DENIES** Defendant's Motion to Preclude, **OVERRULES** Defendant's Appeal of Magistrate Judge Koppe's Order, and **AFFIRMS** Magistrate Judge Koppe's Order.

**I.**    <u>**BACKGROUND**</u>

On November 12, 2019, a grand jury issued an Indictment charging Defendant with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, twelve counts of mail fraud, in violation of 18 U.S.C. § 1341, and a related forfeiture allegation. (*See* Indictment 4:1–9:16, 10:4–12:2, ECF No. 1). In February of 2018, federal agents executed a search warrant at the business where Defendant worked; during the execution of the warrant, Defendant made statements to federal agents. (*See* Mot. Preclude 2:18–4:14, ECF No. 451). On August 28, 2022, Defendant filed a Motion to Suppress the statements he made to law

enforcement on February 21, 2018. (*See generally* Mot. Suppress, ECF No. 411). The Court, however, had set a February 18, 2022, deadline to file pretrial motions. (Min. Order, ECF No. 218). In his Motion to Suppress, Defendant incorrectly certified that his Motion was timely filed, and included a vague statement that his counsel "recently learned" of the factual basis regarding his statements to law enforcement. (*See id.* 1:21 n.1). On August 29, 2022, the Court ordered Defendant to "file a supplement to his motion to suppress detailing whether he learned the factual basis underlying the statements from newly-produced discovery and, if so, when that discovery was produced." (*See* Order Suppl. Briefing 1:25–27, ECF No. 412). Although Defendant contended that he believed in good faith his Motion to Suppress was timely filed, the Court rejected his arguments and struck his Motion to Suppress. (*See* Order Mot. Suppress 3:24–5:16, ECF No. 417). Defendant later filed his Motion to Preclude, seeking to preclude the same statements he sought to suppress. (*See generally* Mot. Preclude). Defendant then filed his Appeal to Judge Koppe's Order Striking his Motion to Suppress. (*See generally* Appeal, ECF No. 459). The Court now considers both the Motion and the Appeal.

## II.     LEGAL STANDAR

### A. Appeal of a Magistrate Judge's Order

"A district judge may reconsider any pretrial matter referred to a magistrate judge . . . when it has been shown the magistrate judge's order is clearly erroneous or contrary to law." LR IB 3-1(a). "The threshold of the 'clearly erroneous' test is high and significantly deferential." United States v. Shiraishi, CR. NO. 17-00582 JMS/RLP, 2018 WL 3370522, at *1 (D. Haw. July 10, 2018). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); United States v. Mercado-Moreno, 869 F.3d 942, 959 (9th Cir. 2017). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules

of procedure." United States v. Palafox, No. 2:16-cr-00265-GMN-CWH1, 2019 WL 281279, at *1 (D. Nev. Jan. 18, 2019) (citation omitted).  When reviewing the Order, however, the Magistrate Judge "is afforded broad discretion, which will be overruled only if abused." Columbia Pictures, Inc. v. Bunnell, 245 F.R.D. 443, 446 (C.D. Cal. 2007).  The District Judge "may not simply substitute its judgment" for that of the Magistrate Judge. Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (citing United States v. BNS, Inc., 858 F.2d 456, 464 (9th Cir. 1988)).

### B. Motion to Preclude

Prior to 2000, a confession was admissible if it was voluntarily given under 18 U.S.C. § 3501(a).[1]  Prior to admitting the confession, the Court would have, outside the presence of the jury, determined whether the confession was given voluntarily. *Id.*  If the confession was voluntarily given, the confession would have been admitted into evidence. *Id.*  18 U.S.C. § 3501(b) provides that the Court would have considered the following factors when making its determination:

> (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.
>
> The presence or absence of any of the above-mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession.

---

[1] The United States Supreme Court held 18 U.S.C. § 3501 unconstitutional in *Dickerson v. United States*, 530 U.S. 428, 435–37, 444 (2000).  The Court nevertheless discusses the statute within the context of Defendant's unavailing argument regarding § 3501.

## III. DISCUSSION

The issue at the heart of both Defendant's Appeal of Judge Koppe's Order and Motion to Preclude concerns whether statements he made to federal agents in February of 2018 are admissible at trial. The Court addresses each filing in turn.

### A. Appeal of Judge Koppe's Order

In his appeal of Judge Koppe's Order, Defendant contends that Judge Koppe clearly erred because the statements he made to federal agents were made without a *Miranda* warning. (*See generally* Appeal). However, as the Government correctly points out, the issue on appeal is whether Judge Koppe clearly erred or made a decision contrary to law by denying Defendant's Motion to Suppress for being untimely filed. (*See* Gov.'s Resp. Mot. Suppress 3:8 n.1, ECF No. 521).

This Court's local rules set a deadline for the filing of pretrial motions. LCR 12-1(a). Further, the local rules define which pretrial motions must be filed within the time period set by the deadline, including any "[m]otion to suppress evidence, Fed. R. Crim. P. 41(h)." LCR 12-1(b)(8). Fed. R. Crim. P. 41(h) states, in relevant part, that a "defendant may move to suppress evidence in the court where the trial will occur, as Rule 12 provides." Rule 12 provides that a motion to suppress evidence must be made prior to trial. Fed. R. Crim. P. 12(b)(3)(C). Rule 12 further provides that a district court may set a deadline by which parties must make pretrial motions and may extend or reset that deadline. Fed. R. Crim. P. 12(c)(1) & 12(c)(2).

"If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). "The decision whether to grant an exception to a Rule 12 waiver lies in the discretion of the district court." *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003) (citing *United States v. Gonzales*, 749 F.2d 1329, 1336 (9th Cir. 1984)).

In this case, Defendant fails to show clear error. Judge Koppe correctly denied Defendant's Motion to Suppress because he untimely filed it. The Court set a February 18, 2022, deadline to file pretrial motions, obligating the parties to file said motions by that date. *See* (Min. Order, ECF No. 218); Fed. R. Crim. P. 12(c)(1) & 12(c)(2). Under LCR 12-1(b)(8), motions to suppress evidence, such as those contemplated by Fed. R. Crim. P. 41(h), constitute pretrial motions. Thus, Defendant had until February 18, 2022, to file his Motion to Suppress. *See United States v. Chong*, 2015 WL 5156438, at *4 (C.D. Cal. Sept. 2, 2015) (referring to a motion to suppress statements as a motion contemplated by Fed. R. Crim. P. 41(h)); Fed. R. Crim. P. 12(b)(3)(C) (stating that motions to suppress evidence must be made prior to trial). Defendant, however, filed the Motion to Suppress well after the deadline passed. Thus, Judge Koppe correctly held that Defendant's Motion to Suppress was untimely filed.

Further, Defendant does not show good cause exists when he argues he could not have timely filed the Motion to Suppress because of voluminous discovery or because his current counsel was appointed to him after the pretrial deadline had passed. (*See* Appeal 5:1–5). As to voluminous discovery, Judge Koppe correctly reasons that Defendant's prior counsel had approximately two-and-a-half years to examine the discovery. (Order Mot. Suppress 5:11 n.4). In that time, Defendant failed to move to suppress his statements. More importantly, Defendant concedes that his current counsel could not have learned about "the factual basis underlying his statements" without speaking with Defendant. (*See* Appeal 4:10–20). Thus, Defendant fails to show how voluminous discovery impeded his ability to timely file the Motion to Suppress. *See United States v. Palafox*, No. 2:16-cr-00265-GMN-CWH, 2019 WL 2527558, at *2 (D. Nev. June 19, 2019) (finding that a defendant did not show good cause existed to untimely file a pretrial motion despite voluminous discovery because he had access to the object of his objection for nearly two years).

As to current counsel's appointment after the pretrial deadline passed, Judge Koppe properly notes that "current counsel has represented [Defendant] since April 8, 2022, and he presents no reason why he did not speak to current counsel about his statement to law enforcement" earlier than a week before filing the Motion to Suppress. (Order Mot. Suppress 5:1–6). In addition, Defendant's prior counsel had access to Defendant and discovery for two-and-a-half years. (*Id.* 5:6–7). In that time, he failed to move to suppress these statements despite the Court continuing the pretrial motions deadline multiple times. (*Id.* 5:8–10). Defendant, therefore, does not show good cause exists. *See United States v. Hylton*, No. 2:17-cr-00086-HDM-NJK, 2018 WL 5777483, at *3 (D. Nev. Nov. 2, 2018) (finding that a defendant failed to demonstrate good cause existed because of a "change in counsel"). Accordingly, the Court overrules Defendant's Appeal of Judge Koppe's Order.[2]

### B. Motion to Preclude

In his Motion to Preclude, Defendant argues that the statements he made to federal agents are inadmissible under 18 U.S.C. § 3501 because said federal agents did not *Mirandize* him prior to interviewing him. (*See* Mot. Preclude 5:2–12:11). The Government avers Defendant cannot seek to preclude his statements because he failed to timely file his Motion to Suppress and now restyles his Motion to Suppress as a Motion to Preclude. (*See* Gov.'s Resp. Mot. Preclude 2:2–6, 4:2–6:3, ECF No. 520).

As a preliminary matter, the Court notes that the statute Defendant relies on for relief was held unconstitutional by the United States Supreme Court in *Dickerson v. United States*,

---

[2] Defendant requests the Court to include the Motion to Suppress as part of the record for appellate purposes but presents no legal authority to support his request. As such, the Court denies Defendant's request. *See Tagle v. Bean*, No. 2:15-cv-01402-JAD-VCF, 2017 WL 2192969, at *2 (D. Nev. May 18, 2017) (denying a motion because the movant failed to provide "factual support [and] legal authority for his request"); *Montes v. Arizona*, No. CV-11-0267-TUC-CKJ, 2012 WL 2504164, at *1 (D. Ariz. June 28, 2012) (denying a motion in part because the movant "failed to provide any legal authority or new facts to support" the relief sought).

530 U.S. 428, 435–37, 444 (2000). As such, the Court cannot grant his requested relief. However, even if § 3501 was still good law, Defendant's argument fails.

Before § 3501 was held unconstitutional, the Court had to determine the voluntariness of confessions before trial. 18 U.S.C. § 3501. "However, a defendant must file a motion to suppress an involuntary confession before the pretrial motion deadline." *United States v. Savanh*, No. 2:14-cr-00290-KJD-PAL, 2016 WL 2844194, at *4 (D. Nev. Apr. 5, 2016), *report and recommendation adopted*, No. 2:14-cr-00290-KJD-PAL, 2016 WL 2731667 (D. Nev. May 10, 2016), *aff'd*, 727 F. App'x 931 (9th Cir. 2018) (citing Fed. R. Crim. P. 12(b)(3)(C) & (c)(1)). A defendant's "last-minute request for a voluntariness ruling should [be] raised at the pretrial suppression hearing. Fed. R. Crim. P. 12 provides that failure to move for suppression of evidence at the time set by the court waives any objections to admission." *United States v. Gonzales*, 749 F.2d 1329, 1336 (9th Cir. 1984) (citing *United States v. Maher*, 645 F.2d 780, 783 n.1 (9th Cir.1981), for "applying Rule 12 to an untimely motion under 18 U.S.C. § 3501").

Here, Defendant seeks to preclude the statements he made to federal agents. However, the correct avenue for the relief Defendant seeks is through a motion to suppress. *See Savanh*, 2016 WL 2844194, at *4. In fact, Defendant moved to suppress the same statements he seeks to preclude now. But as discussed above, Judge Koppe correctly denied his Motion to Suppress for being untimely. As such, Defendant cannot object to the admissibility of his statements through his Motion to Preclude under 18 U.S.C. § 3501 unless he shows good cause exists. *See Gonzales*, 749 F.2d at 1336. But as discussed *supra*, Defendant fails to demonstrate good cause exists to file his Motion to Suppress past the pretrial motions deadline. Accordingly, the Court denies Defendant's Motion to Preclude.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Miguel Castro's Motion to Preclude, (ECF No. 451), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Miguel Castro's Appeal of Magistrate Judge Koppe's Order Striking Defendant Miguel Castro's Motion to Suppress, (ECF No. 459), is **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Koppe's Order Striking Defendant Miguel Castro's Motion to Suppress, (ECF No. 417), is **AFFIRMED**.

**DATED** this __24__ day of September, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court