UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MARIO CASTRO, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:19-cr-00295-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the First Motion to Continue Sentencing Hearing, (ECF No. 801), filed by Defendants Mario Castro, Miguel Castro, and Jose Luis Mendez ("Defendants"). The Government filed a Response, (ECF No. 813), to which Defendants filed a Reply, (ECF No. 817).

Also pending before the Court is the parties Stipulation to Continue Sentencing Hearings, (ECF No. 815).

By the First Motion, Defendants request the Court vacate Defendants' Sentencing Hearing scheduled for August 31, 2023, and set a status hearing to establish "continued sentencing dates that allow sufficient [time] for the defense to meaningfully challenge" the Government's loss calculations. (First Mot. Continue Sentencing Hearings 3:14–17, ECF No. 801). According to Defendants, a continuance is necessary for three reasons: (1) the amount of restitution sought by the Government is uncertain, and thus, any sentencing hearing is premature; (2) there is a need to avoid sentencing disparities because Patti Kern and Sean O'Connor, two co-conspirators in the scheme Defendants were convicted of, have yet to be sentenced; and (3) Defendants need additional time to address and rebut the Government's loss calculation. (*Id.* 7:3–9:6). The Court addresses each argument in turn.

Beginning with Defendants' argument concerning restitution, the Government has disclosed it "will not be seeking restitution in this case because the large number of victims makes it impracticable." (Resp. 8:13–15, ECF No. 813).  Accordingly, the Court finds this argument is moot.

Next, the Court finds Defendants' sentencing disparity contention is misplaced.  Patti Kern and Sean O'Connor both pleaded guilty and cooperated with the Government in the prosecution of Defendants.  Past decisions by the Ninth Circuit have recognized there is no impermissible sentencing disparity between codefendants when a codefendant chose to plead guilty and assist the Government. *See United States v. Valdez-Lopez*, 4 F.4th 886, 893 (9th Cir. 2021) ("Lopez's codefendants had received shorter sentences after pleading guilty, and a codefendant's acceptance of a guilty plea is a permissible explanation for a sentencing disparity.") (citation omitted); *United States v. Ho*, 217 Fed. App'x 653, 653 (9th Cir. 2007) ("Ho contends that his sentence is unreasonable because it is substantially longer than the sentences imposed on two of his codefendants. But the record indicates that Ho was more involved in the conspiracy than one of those codefendants, and that the other of those codefendants cooperated with the government in its prosecution of Ho. Therefore we cannot say that the disparity in sentences was unwarranted."); *United States v. Frantz*, 234 Fed. App'x 729, 735 (9th Cir. 2007) (rejecting the defendant's sentencing disparity argument where the co-defendant's received a lesser sentence because they played a lesser role in the crime and pled guilty); *see also United States v. Burleson*, No. 2:16-cr-00046, 2022 WL 17343788, at *8 (D. Nev. Nov. 29, 2022) (rejecting the defendant's sentencing disparity argument where "[a]ny sentencing disparity between [d]efendant and his codefendants is a consequence of bargained-for-plea agreements").  Accordingly, the Court disagrees with Defendants that the need to avoid sentencing disparities warrants a continuance.

///

Finally, Defendants aver additional time is needed to allow them to "meaningfully challenge the Government's loss figures[.]" (First Mot. Continue Sentencing Hearings 3:14–17).  The Court is amenable to a limited continuance on this basis to permit Defendants' sufficient time to prepare objections to the Government's loss calculations.  However, the Court will neither set a status check prior to Defendants' sentencing, nor establish a separate briefing schedule for sentencing.  Defendants' may file objections to the pre-sentence investigation reports in the ordinary course set forth under this District's Local Rule 32-1.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' First Motion to Continue Sentencing Hearing, (ECF No. 801), is **GRANTED**.

Defendant Mario Castro shall now appear in-person before the Court for sentencing on Friday, September 15, 2023, at 9:00AM in LV Courtroom 7D before Judge Gloria M. Navarro.

Defendant Miguel Castro shall now appear in-person before the Court for sentencing on Friday, September 15, 2023, at 10:00AM in LV Courtroom 7D before Judge Gloria M. Navarro.

Defendant Jose Luis Mendez shall now appear in-person before the Court for sentencing on Friday, September 15, 2023, at 11:00AM in LV Courtroom 7D before Judge Gloria M. Navarro.

///
///
///
///
///
///
///

**IT IS FURTHER ORDERED** that the parties Stipulation to Continue, (ECF No. 815), is **DENIED as moot.**

DATED this  18   day of August, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court