1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT C

NICHOLAS A. TRUTANICH
United States Attorney
Nevada Bar Number 13644
NICHOLAS D. DICKINSON
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6175
Nicholas.Dickinson@usdoj.gov
TIMOTHY FINLEY
DANIEL ZYTNICK
Trial Attorneys
U.S. Department of Justice
Consumer Protection Branch
PO Box 386
Washington, DC 20044
Tel: (202) 307-0050, (202) 598-8337
Timothy.T.Finley@usdoj.gov
Daniel.E.Zytnick@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| **United States of America,** | CASE NO. 2:19-cr- 00032-RFB-VCF |
| Plaintiff, |  |
| v. | **Plea Agreement** |
| **Patti A. Kern,** |  |
| Defendant. |  |

The United States, by and through Nicholas A. Trutanich, United States Attorney, Nicholas D. Dickinson, Assistant United States Attorney, and United States Department of Justice Trial Attorneys Timothy Finley and Daniel Zytnick, and the defendant, Patti A. Kern, and her attorney, William B. Terry, submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

1

## I. SCOPE OF AGREEMENT

The parties to this Plea Agreement are the United States of America and Patti A. Kern. This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada and the Consumer Protection Branch of the United States Department of Justice. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution, and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A. <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to the following charge as set forth in the Criminal Information:

<u>Count 1</u>: Conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349.

The defendant also agrees to the forfeiture of the property, the imposition of the forfeiture on the property, and the imposition of the in personam criminal forfeiture money judgment as set forth in this Plea Agreement and the Forfeiture Allegation of the Criminal Information.

B. <u>Waiver of Trial Rights</u>. The defendant acknowledges that she has been advised and understands that by entering a plea of guilty she is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1. The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2. The right to confront the witnesses against the defendant at such a trial, and to cross examine them;

3. The right to remain silent at such a trial, with assurance that her silence could not be used against her in any way;

4. The right to testify in her own defense at such a trial if she so chooses;

5. The right to compel witnesses to appear at such a trial and testify in the defendant's behalf;

6. The right to have the assistance of an attorney at all stages of such proceedings; and

7. The right to be indicted by a Grand Jury.

C. <u>Withdrawal of Guilty Plea</u>. The defendant will not seek to withdraw her guilty plea after she has entered it in court.

D. <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada that culminated in this Plea Agreement and based on conduct known to the United States, except that the United States reserves the right to prosecute the defendant for any crime of violence as defined by 18 U.S.C. § 16.

## III.    ELEMENTS OF THE OFFENSE

A. The elements of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349 are:

<u>First</u>: Beginning and ending on or about the dates specified, there was an agreement between two or more persons to commit mail fraud, in violation of 18 U.S.C. 1341, and

<u>Second</u>: The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

*See* Ninth Circuit Manual of Model Jury Instructions, Criminal 8.20 (2010 ed., approved 2/2014).

The elements of Mail Fraud, in violation of 18 U.S.C. § 1341, are:

First: The defendant knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second: The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third: The defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fourth: The defendant used, or caused to be used, the mails or private and commercial interstate carriers, according to the direction thereon, to carry out or attempt to carry out an essential part of the scheme.

9th Cir. Crim. Jury Instr. 8.121 (2010 ed., approved 2/2014).

## IV.  FACTS SUPPORTING GUILTY PLEA

A.     The defendant will plead guilty because she is, in fact and under the law, guilty of the crime charged.

B.     The defendant acknowledges that if she elected to go to trial instead of pleading guilty, the United States could prove her guilt beyond a reasonable doubt and establish its right to the forfeiture money judgment. The defendant further acknowledges that her admissions and declarations of fact set forth below satisfy every element of the charged offense.

C.     The defendant waives any potential future claim that the facts she admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offense.

D.     The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

### The Conspiracy

1.     From no later than May 2011 until February 2018, within the District of Nevada and elsewhere, the defendant Patti A. Kern, together with others, engaged in a direct-mail scheme that sent fraudulent prize promotion mailings to thousands of consumers across the

1    United States. The mailings induced victims to pay a fee in exchange for a falsely promised

2    large cash prize. The object and purpose of the scheme was to obtain money from the victims

3    by means of false and fraudulent statements and material concealments of fact in the mailings.

4    None of the victims who sent a fee to Kern and her co-conspirators in response to a fraudulent

5    prize promotion mailing from the direct-mail scheme ever received a large cash prize.

6          2.     In devising and carrying out the direct-mail scheme, Kern knowingly conspired

7    with others to commit the crime of mail fraud as that crime is defined in 18 U.S.C. § 1341. The

8    purpose of the conspiracy was to obtain money from victims, many of whom were elderly and

9    vulnerable, by means of materially false representations. In planning and executing the scheme,

10    Kern acted with intent to defraud her victims.

11          3.     To execute the fraudulent scheme, Kern and her co-conspirators caused

12    fraudulent prize promotions to be delivered to victims by U.S. mail. The mailings misled

13    victims to believe that they would receive large sums of money, ranging from hundreds of

14    thousands to several million dollars, if they paid a relatively small fee. This was false; victims

15    did not receive large sums of money. The mailings were made to appear as if they came from

16    sophisticated companies and often were signed by a person with an official title, such as

17    "Director of Disbursements," "President," or "Comptroller." In fact, none of these people

18    actually existed. The mailings directed victims to pay a delivery fee, generally $20 or $25.

19          4.     The defendant admits that her conduct caused in excess of $8 million in losses to

20    the victims of her direct-mail scheme.

21    **Forfeiture**

22         The defendant admits the property and the in personam criminal forfeiture money

23    judgment amount listed in Section IX are any property, real or personal, which constitutes or is

24    derived from proceeds traceable to violations of 18 U.S.C. § 1341, a specified unlawful activity

25    as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1349, conspiracy to

26    commit such offense, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28

27    U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

28

## V. COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws her guilty plea, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI. APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A. <u>Discretionary Nature of Sentencing Guidelines</u>. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B. <u>Offense Level Calculations</u>. The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

Base Offense Level (USSG § 2B1.1(a)(1)):     7

Loss Amount: $3,500,000-$9,500,000
(USSG § 2B1.1(b)(1)(K)):     18

10 or more victims and use of mass-marketing
(USSG § 2B1.1(b)(2)(A))     2

Vulnerable victim (due to age and otherwise
particularly susceptible) (U.S.S.G. § 3A1.1(b)(1))2

Large number of vulnerable victims
(USSG § 3A1.1(b)(2))                                    2

Reduction for Acceptance of Responsibility
(USSG § 3E1.1(a),(b))                                  (3)

Total                                                  **28**

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C.     Reduction of Offense Level for Acceptance of Responsibility. Under USSG § 3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless she (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when she enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when she enters her guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when she enters her guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding her involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw her guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG §3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant

1  communicated her decision to plead guilty in a timely manner that enabled the United States to

2  avoid preparing for trial and to efficiently allocate its resources.

3         These Sentencing Guidelines provisions, if applied, will result in a total offense level of

4  28, as stated above.

5         D.     Criminal History Category. The defendant acknowledges that the Court may

6  base her sentence in part on the defendant's criminal record or criminal history. The Court will

7  determine the defendant's Criminal History Category under the Sentencing Guidelines.

8         E.     Relevant Conduct. The Court may consider any counts dismissed under this Plea

9  Agreement and all other relevant conduct, whether charged or uncharged, in determining the

10 applicable Sentencing Guidelines range and whether to depart from that range.

11        F.     Additional Sentencing Information. The stipulated Sentencing Guidelines

12 calculations are based on information now known to the parties. The parties may provide

13 additional information to the United States Probation Office and the Court regarding the

14 nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating

15 facts or circumstances. Good faith efforts to provide truthful information or to correct factual

16 misstatements shall not be grounds for the defendant to withdraw her guilty plea.

17        The defendant acknowledges that the United States Probation Office may calculate the

18 Sentencing Guidelines differently and may rely on additional information it obtains through its

19 investigation. The defendant also acknowledges that the Court may rely on this and other

20 additional information as it calculates the Sentencing Guidelines range and makes other

21 sentencing determinations, and the Court's reliance on such information shall not be grounds

22 for the defendant to withdraw her guilty plea.

23     VII.   APPLICATION OF SENTENCING STATUTES

24        A.     Maximum Penalty. The maximum penalty for conspiracy under 18 U.S.C.

25 § 1349 is a twenty-year prison sentence, a fine of $250,000, or both.

26        B.     Factors Under 18 U.S.C. § 3553. The Court must consider the factors set forth in

27 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory maximum

28

8

1  sentence and any statutory minimum sentence limit the Court's discretion in determining the

2  defendant's sentence.

3       C.    <u>Parole Abolished</u>. The defendant acknowledges that her prison sentence cannot

4  be shortened by early release on parole because parole has been abolished.

5       D.    <u>Supervised Release</u>. In addition to imprisonment and a fine, the defendant will be

6  subject to a term of supervised release not greater than three years. 18 U.S.C. § 3583(b)(1).

7  Supervised release is a period of time after release from prison during which the defendant will

8  be subject to various restrictions and requirements. If the defendant violates any condition of

9  supervised release, the Court may order the defendant's return to prison for all or part of the

10  term of supervised release, which could result in the defendant serving a total term of

11  imprisonment greater than the statutory maximum prison sentence.

12       E.    <u>Special Assessment</u>. The defendant will pay a $100.00 special assessment per

13  count at the time of sentencing.

14  **VIII.  POSITIONS REGARDING SENTENCE**

15       The United States will recommend that the defendant be sentenced to the low end of the

16  applicable Sentencing Guidelines range as determined by the Court unless the defendant

17  commits any act that could result in a loss of the downward adjustment for acceptance of

18  responsibility. The defendant acknowledges that the Court does not have to follow that

19  recommendation. Notwithstanding the agreement to recommend a sentence within the

20  applicable range, the United States reserves its right to defend any lawfully imposed sentence on

21  appeal or in any post-conviction litigation.

22       The defendant may request a sentence below the Sentencing Guidelines range as

23  calculated in this Plea Agreement pursuant to 18 U.S.C. § 3553, and the United States may

24  oppose it.

25  **IX.  FORFEITURE**

26       The defendant knowingly and voluntarily:

27

28

A.    Agrees to the District Court imposing the civil judicial forfeiture or the criminal forfeiture of:

1.    $106,150;

2.    $20,400.32;

3.    $34,364;

4.    $40,010;

5.    $50,126.59;

6.    $4,998;

7.    $10,908;

8.    $15,278;

9.    $6,975;

10.    $4,644.;

11.    $3,101;

12.    $1,824;

13.    $13,146

14.    $1,785;

15.    $14,439;

16.    $9,887;

17.    $8,253;

18.    $138;

19.    $12,464.03; and

20.    $18,950;

(all of which constitutes property);

B.    Agrees to the District Court imposing an in personam criminal forfeiture money judgment of $800,000, not to be held jointly and severally liable with her codefendants, the collected money judgment amount between the codefendants is not to exceed $9,000,000, and

that the following property will be applied toward the payment of the in personam criminal

forfeiture money judgment:

        a.     $106,150;

        b.     $20,400.32;

        c.     $34,364;

        d.     $40,010;

        e.     $50,126.59; and

        f.     $4,998;

      C.     Agrees the in personam criminal forfeiture money judgment is immediately due and payable and is subject to immediate collection by the United States and agrees to substitute and to forfeit the following assets that will be applied toward the $800,000 in personam criminal forfeiture money judgment:

      1.     a 2015 Ford F250 truck held in the name of Patti Kern, vehicle identification number 1FT7W2BT5FED16800;

      2.     a 2004 Sundowner LQ Horse Trailer held in the name of Patti Kern, vehicle identification number 13SLE322141LA4098; and

      3.     In addition to the dollar amounts in IX, B, and C, 1 and 2, that Patti Kern agrees to apply to the in personam criminal forfeiture money judgment of $800,000, Patti Kern also agrees to pay an additional $400,000 toward the in personam criminal forfeiture money judgment of $800,000 within 60 days of sentencing (the "Due Date"). Patti Kern's payment of the additional $400,000 towards the in personam criminal forfeiture money judgment of $800,000 shall be a bank cashier's check, payable to the order of the United States Postal Inspection Service. The defendant shall send the bank cashier's check by priority mail to the US Postal Inspection Service, Attention Clayton E. Gerber, PO Box 7404, Washington, DC 20044-7404, with the criminal docket number noted on the face of the bank cashier's check. The defendant will contact Timothy Finley or Daniel

1  Zytnick with the mail tracking information. If the defendant fails to make the

2  $400,000 payment on or before the Due Date, the defendant consents to the

3  forfeiture of the real property located at 1861 Bogey Way, Henderson, Nevada

4  89074, more particularly described as:

5  Lot Thirteen (13) in Block Three (3) of HEATHERSTONE, as shown by map
   thereof on file in Book 53 of Plats, Page 40, in the Office of the County Recorder
6  of Clark County, Nevada together with all improvements and appurtenances
   thereon, APN: 178-17-812-049; and

7

8  Patti Kern knowingly and voluntarily agrees and understands these above-

9  mentioned payments in IX, B, and C, 1, 2, and 3 will not release Patti Kern of

10  her obligations to pay the in personam criminal forfeiture money judgment of

11  $800,000 until the in personam criminal forfeiture money judgment of $800,000

12  is paid in full.

13  D.  Agrees the in personam criminal forfeiture money judgment amount complies

14  with *Honeycutt v. United States*, ___U.S.___, 137 S. Ct. 1626 (2017);

15  E.  Agrees to the abandonment, the civil administrative forfeiture, the civil judicial

16  forfeiture, or the criminal forfeiture of the property;

17  F.  Abandons or forfeits the property to the United States;

18  G.  Relinquishes all possessory rights, ownership rights, and all rights, titles, and

19  interests in the property;

20  H.  Waives her right to any abandonment proceedings, any civil administrative

21  forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture

22  proceedings of the property and the in personam criminal forfeiture money judgment

23  (proceedings);

24  I.  Waives service of process of any and all documents filed in this action or any

25  proceedings concerning the property and the in personam criminal forfeiture money judgment

26  arising from the facts and circumstances of this case;

27

28

J.   Waives any further notice to her, her agents, or her attorney regarding the abandonment or the forfeiture and disposition of the property;

K.   Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property and the in personam criminal forfeiture money judgment;

L.   Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, all constitutional requirements, including, but not limited to, the constitutional due process requirements of any proceedings concerning the property and the in personam criminal forfeiture money judgment;

M.   Waives her right to a jury trial on the forfeiture of the property;

N.   Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property and the in personam criminal forfeiture money judgment in any proceedings, including, but not limited to, (a) any constitutional or statutory double jeopardy defense or claim, (b) any constitutional or statutory claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments, and (c) any constitutional or statutory claim or defense under *Honeycutt v. United States*, 137 S. Ct. 1626;

O.   Agrees to the entry of an Order of Forfeiture of the property and the in personam criminal forfeiture money judgment to the United States;

P.   Waives the right to appeal any Order of Forfeiture;

Q.   Agrees the property is forfeited to the United States;

R.   Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property and the in personam criminal forfeiture money judgment shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the abandonment or the forfeiture;

S.    Agrees and understands the United States of America may amend the forfeiture order at any time to add subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e);

T.    Acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution; and

U.    Agrees to take all steps as requested by the United States to pass clear title of the property and of any forfeitable assets which may be used to satisfy the in personam criminal forfeiture money judgment to the United States and to testify truthfully in any judicial forfeiture proceedings. The defendant understands and agrees that the property and the in personam criminal forfeiture money judgment amount represent proceeds and/or facilitating property of illegal conduct and are forfeitable. The defendant acknowledges that failing to cooperate in full in either the forfeiture of the property or the disclosure of assets constitutes a breach of this Plea Agreement.

## X.    RESTITUTION

The defendant and the government agree, and request that the Court find on the record, that the number of victims in this case is so large as to make restitution impracticable. *See* 18 U.S.C. § 3663A(c)(3)(A). Moreover, the defendant and the government agree, and request that the Court find on the record, that determining complex issues of fact related to identifying and finding hundreds of thousands of victims and calculating their losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden of the sentencing process. *See* 18 U.S.C. § 3663A(c)(3)(B).

## XI.    FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning her assets and her ability to pay. The defendant will surrender assets she obtained directly or indirectly as a result

1  of her crimes, and will release funds and property under her control in order to pay any fine,

2  forfeiture, or restitution ordered by the Court.

3  **XII.   THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS**

4  A.   <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges that:

5       1.   She has read this Plea Agreement and understands its terms and

6  conditions;

7       2.   She has had adequate time to discuss this case, the evidence, and this Plea

8  Agreement with her attorney;

9       3.   She has discussed the terms of this Plea Agreement with her attorney;

10      4.   The representations contained in this Plea Agreement are true and correct,

11 including the facts set forth in Section IV; and

12      5.   She was not under the influence of any alcohol, drug, or medicine that

13 would impair her ability to understand the Agreement when she considered signing this Plea

14 Agreement and when she signed it.

15      The defendant understands that she alone decides whether to plead guilty or go to trial,

16 and acknowledges that she has decided to enter her guilty plea knowing of the charges brought

17 against him, her possible defenses, and the benefits and possible detriments of proceeding to

18 trial. The defendant also acknowledges that she decided to plead guilty voluntarily and that no

19 one coerced or threatened her to enter into this Plea Agreement.

20      B.   <u>Waiver of Appeal and Post-Conviction Proceedings</u>. The defendant knowingly

21 and expressly waives: (a) the right to appeal any sentence imposed within or below the

22 applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the

23 manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C.

24 § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order

25 of restitution or forfeiture.

26      The defendant also knowingly and expressly waives all collateral challenges, including

27 any claims under 28 U.S.C. § 2255, to her conviction, sentence, and the procedure by which the

28

1  Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective

2  assistance of counsel.

3       The defendant reserves only the right to appeal any portion of the sentence that is an

4  upward departure or an upward variance from the Sentencing Guidelines range determined by

5  the Court.

6       The defendant acknowledges that the United States is not obligated or required to

7  preserve any evidence obtained in the investigation of this case.

8       C.    <u>Removal/Deportation Consequences</u>. The defendant understands and

9  acknowledges that if she is not a United States citizen, then it is highly probable that she will be

10 permanently removed (deported) from the United States as a consequence of pleading guilty

11 under the terms of this Plea Agreement. The defendant has also been advised if her conviction

12 is for an offense described in 8 U.S.C. § 1101(a)(43), she will be deported and removed from the

13 United States and will not be allowed to return to the United States at any time in the future.

14 The defendant desires to plead guilty regardless of any immigration consequences that may

15 ///

16 ///

17

18

19

20

21

22

23

24

25

26

27

28

1  result from her guilty plea, even if the consequence is automatic removal from the United States

2  with no possibility of returning. The defendant acknowledges that she has specifically

3  discussed these removal/deportation consequences with her attorney.

4  **XIII. ADDITIONAL ACKNOWLEDGMENTS**

5      This Plea Agreement resulted from an arms-length negotiation in which both parties

6  bargained for and received valuable benefits in exchange for valuable concessions. It

7  constitutes the entire agreement negotiated and agreed to by the parties. No promises,

8  agreements or conditions other than those set forth in this agreement have been made or implied

9  by the defendant, the defendant's attorney, or the United States, and no additional promises,

10  agreements or conditions shall have any force or effect unless set forth in writing and signed by

11  all parties or confirmed on the record before the Court.

12

13

14                                          NICHOLAS A. TRUTANICH
                                            United States Attorney

15

16  2-5-19
    DATE

17

18                                          Nicholas D. Dickinson
                                            Assistant United States Attorney

19  2-4-19
    DATE

20                                          Timothy Finley
                                            Daniel Zytnick
21                                          Trial Attorneys
                                            Consumer Protection Branch

22

23  1/30/2019
    DATE

24                                          William Terry
                                            Counsel for Defendant

25

26  01/30/2019
    DATE

27                                          Patti A. Kern
                                            Defendant

28

                                    16

NICHOLAS A. TRUTANICH
United States Attorney
NICHOLAS D. DICKINSON
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6175
Fax: (702) 388-6787
Nicholas.Dickinson@usdoj.gov

TIMOTHY FINLEY
DANIEL ZYTNICK
Trial Attorneys
U.S. Department of Justice
Consumer Protection Branch
PO Box 386
Washington, DC 20044
Tel: (202) 307-0050, (202) 598-8337
Fax: (202) 514-8742
Timothy.T.Finley@usdoj.gov
Daniel.E.Zytnick@usdoj.gov

Attorneys for Plaintiff
United States of America



RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 13 2019

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **United States of America,** | CASE NO. 2:19-cr-00179-JAD-NJK |
| Plaintiff, | |
| v. | **Plea Agreement** |
| **Sean O'Connor,** | |
| Defendant. | |

1

USA-CASTROMISC-00000905

The United States, by and through Nicholas A. Trutanich, United States Attorney,

Nicholas D. Dickinson, Assistant United States Attorney, and United States Department of

Justice Trial Attorneys Timothy Finley and Daniel Zytnick, and the defendant, Sean O'Connor,

and his attorney, Daniel J. Albregts, submit this Plea Agreement under Fed. R. Crim. P.

11(c)(1)(A) and (B).

## I.     SCOPE OF AGREEMENT

The parties to this Plea Agreement are the United States of America and Sean O'Connor.

This Plea Agreement binds the defendant and the United States Attorney's Office for the District

of Nevada and the Consumer Protection Branch of the United States Department of Justice. It

does not bind any other prosecuting, administrative, or regulatory authority, the United States

Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges

referenced in the Plea Agreement and applicable sentences, fines, restitution, and forfeiture. It

does not control or prohibit the United States or any agency or third party from seeking any other

civil or administrative remedies directly or indirectly against the defendant.

## II.    DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A.     Guilty Plea.  The defendant knowingly and voluntarily agrees to plead guilty to

the following charge as set forth in the Criminal Information:

Count 1:  Conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349.

The defendant also agrees to the forfeiture of the property, the imposition of the

forfeiture on the property, and the imposition of the in personam criminal forfeiture money

judgment as set forth in this Plea Agreement and the Forfeiture Allegation of the Criminal

Information.

B.     Waiver of Trial Rights.  The defendant acknowledges that he has been advised

and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain

rights guaranteed to all defendants by the laws and the Constitution of the United States.

Specifically, the defendant is giving up:

USA-CASTROMISC-00000906

1.    The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2.    The right to confront the witnesses against the defendant at such a trial, and to cross examine them;

3.    The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4.    The right to testify in his own defense at such a trial if he so chooses;

5.    The right to compel witnesses to appear at such a trial and testify in the defendant's behalf;

6.    The right to have the assistance of an attorney at all stages of such proceedings; and

7.    The right to be indicted by a Grand Jury.

C.    <u>Withdrawal of Guilty Plea</u>.  The defendant will not seek to withdraw his guilty plea after he has entered it in court.

D.    <u>Additional Charges</u>.  The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada that culminated in this Plea Agreement and based on conduct known to the United States, except that the United States reserves the right to prosecute the defendant for any crime of violence as defined by 18 U.S.C. § 16.

**III.    ELEMENTS OF THE OFFENSE**

A.    The elements of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349 are:

<u>First</u>:  Beginning and ending on or about the dates specified, there was an agreement between two or more persons to commit mail fraud, in violation of 18 U.S.C. § 1341, and

<u>Second</u>:  The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

3

*See* Ninth Circuit Manual of Model Jury Instructions, Criminal 8.20 (2010 ed., approved 2/2014).

The elements of Mail Fraud, in violation of 18 U.S.C. § 1341, are:

<u>First</u>: The defendant knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

<u>Second</u>: The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

<u>Third</u>: The defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

<u>Fourth</u>: The defendant used, or caused to be used, the mails or private and commercial interstate carriers, according to the direction thereon, to carry out or attempt to carry out an essential part of the scheme.

9th Cir. Crim. Jury Instr. 8.121 (2010 ed., approved 2/2014).

**IV.      FACTS SUPPORTING GUILTY PLEA**

A.      The defendant will plead guilty because he is, in fact and under the law, guilty of the crime charged.

B.      The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt and establish its right to the forfeiture money judgment. The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offense.

C.      The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offense.

D.      The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

4

**The Conspiracy**

1.      From no later than May 2011 until February 2018, within the District of Nevada and elsewhere, the defendant Sean O'Connor, together with others, engaged in a direct-mail scheme that sent fraudulent prize promotion mailings to thousands of consumers across the United States.  The mailings induced victims to pay a fee in exchange for a falsely promised large cash prize.  The object and purpose of the scheme was to obtain money from the victims by means of false and fraudulent statements and material concealments of fact in the mailings.  None of the victims who sent a fee in response to a fraudulent prize promotion mailing from the direct-mail scheme ever received a large cash prize.

2.      In carrying out the direct-mail scheme, O'Connor knowingly conspired with others to commit the crime of mail fraud as that crime is defined in 18 U.S.C. § 1341.  The purpose of the conspiracy was to obtain money from victims, many of whom were elderly and vulnerable, by means of materially false representations.  In executing the scheme, O'Connor acted with intent to defraud his victims.

3.      To execute the fraudulent scheme, O'Connor and his coconspirators caused fraudulent prize promotions to be delivered to victims by U.S. mail.  The mailings misled victims to believe that they would receive large sums of money, ranging from hundreds of thousands to several million dollars, if they paid a relatively small fee.  This was false; victims did not receive large sums of money.  The mailings were made to appear as if they came from sophisticated companies and often were signed by a person with an official title, such as "Prize Director" or "Comptroller."  In fact, none of these people actually existed.  The mailings directed victims to pay a delivery fee, generally $20 or $25.

4.      The defendant admits that his conduct caused in excess of $8 million in losses to the victims of his direct-mail scheme.

**Forfeiture**

5.      The defendant admits that the property and the in personam criminal forfeiture money judgment amount listed in Section IX are any property, real or personal, which constitutes

USA-CASTROMISC-00000909

or is derived from proceeds traceable to violations of 18 U.S.C. § 1341, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1349, conspiracy to commit such offense, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

## V.   COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty plea, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI.   APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A.   <u>Discretionary Nature of Sentencing Guidelines</u>.  The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B.   <u>Offense Level Calculations</u>.  The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

| | |
|---|---|
| Base Offense Level (USSG § 2B1.1(a)(1)): | 7 |
| Loss Amount: $3,500,000-$9,500,000 (USSG § 2B1.1(b)(1)(K)): | 18 |
| 10 or more victims and use of mass-marketing (USSG § 2B1.1(b)(2)(A)) | 2 |

6

USA-CASTROMISC-00000910

| | |
|---|---|
| Vulnerable victim (due to age and otherwise particularly susceptible) (U.S.S.G. § 3A1.1(b)(1)) | 2 |
| Large number of vulnerable victims (USSG § 3A1.1(b)(2)) | 2 |
| Minor Role (U.S.S.G. § 3B1.2(a)) | (2) |
| Reduction for Acceptance of Responsibility (USSG § 3E1.1(a),(b)) | <u>(3)</u> |
| Total | <u>**26**</u> |

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C.    <u>Reduction of Offense Level for Acceptance of Responsibility</u>.  Under USSG § 3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he  (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG §3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

These Sentencing Guidelines provisions, if applied, will result in a total offense level of 26, as stated above.

USA-CASTROMISC-00000911

D.     Criminal History Category.  The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history.  The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E.     Relevant Conduct.  The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F.     Additional Sentencing Information.  The stipulated Sentencing Guidelines calculations are based on information now known to the parties.  The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation.  The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

**VII.     APPLICATION OF SENTENCING STATUTES**

A.     Maximum Penalty.  The maximum penalty for conspiracy under 18 U.S.C. § 1349 is a twenty-year prison sentence, a fine of $250,000, or both.

B.     Factors Under 18 U.S.C. § 3553.  The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence.  However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

C.     Parole Abolished.  The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

8

USA-CASTROMISC-00000912

D.    Supervised Release.  In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release not greater than three years.  18 U.S.C. § 3583(b)(1).  Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements.  If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence.

E.    Special Assessment.  The defendant will pay a $100.00 special assessment per count at the time of sentencing.

**VIII.   POSITIONS REGARDING SENTENCE**

The United States will recommend that the defendant be sentenced to the low end of the applicable Sentencing Guidelines range as determined by the Court unless the defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility.  The defendant acknowledges that the Court does not have to follow that recommendation.  Notwithstanding the agreement to recommend a sentence within the applicable range, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The defendant may request a sentence below the Sentencing Guidelines range as calculated in this Plea Agreement pursuant to 18 U.S.C. § 3553, and the United States may oppose it.

**IX.   FORFEITURE**

The defendant knowingly and voluntarily:

A.    Agrees to the District Court imposing the civil judicial forfeiture or the criminal forfeiture of:

1.  $106,150;

2.  $20,400.32;

3.  $34,364;

USA-CASTROMISC-00000913

4. $40,010;

5. $50,126.59;

6. $4,998;

7. $10,908;

8. $15,278;

9. $6,975;

10. $4,644.;

11. $3,101;

12. $1,824;

13. $13,146

14. $1,785;

15. $14,439;

16. $9,887;

17. $8,253;

18. $138;

19. $12,464.03; and

20. $18,950;

(all of which constitutes property);

B.  Agrees to the District Court imposing an in personam criminal forfeiture money judgment of $175,000, not to be held jointly and severally liable with his codefendants, the collected money judgment amount between the codefendants is not to exceed $9,000,000, and that the property will not be applied toward the payment of the money judgment;

C.  Agrees the in personam criminal forfeiture money judgment amount complies with *Honeycutt v. United States*, ___U.S.___, 137 S. Ct. 1626 (2017);

D.  Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property;

USA-CASTROMISC-00000914

E.     Abandons or forfeits the property to the United States;

F.     Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property;

G.     Waives his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property and the in personam criminal forfeiture money judgment (proceedings);

H.     Waives service of process of any and all documents filed in this action or any proceedings concerning the property and the in personam criminal forfeiture money judgment arising from the facts and circumstances of this case;

I.     Waives any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property;

J.     Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property and the in personam criminal forfeiture money judgment;

K.     Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, all constitutional requirements, including, but not limited to, the constitutional due process requirements of any proceedings concerning the property and the in personam criminal forfeiture money judgment;

L.     Waives his right to a jury trial on the forfeiture of the property;

M.     Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property and the in personam criminal forfeiture money judgment in any proceedings, including, but not limited to, (1) constitutional or statutory double jeopardy defenses and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

N.     Agrees to the entry of an Order of Forfeiture of the property and the in personam criminal forfeiture money judgment to the United States;

11

USA-CASTROMISC-00000915

O.    Waives the right to appeal any Order of Forfeiture;

P.    Agrees the property is forfeited to the United States;

Q.    Agrees the in personam criminal forfeiture money judgment is immediately due and payable and is subject to immediate collection by the United States;

R.    Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property and the in personam criminal forfeiture money judgment shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the abandonment or the forfeiture;

S.    Agrees and understands the United States of America may amend the forfeiture order at any time to add subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e);

T.    Acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution; and

U.    Agrees to take all steps as requested by the United States to pass clear title of the property and of any forfeitable assets which may be used to satisfy the in personam criminal forfeiture money judgment to the United States and to testify truthfully in any judicial forfeiture proceedings. The defendant understands and agrees that the property and the in personam criminal forfeiture money judgment amount represent proceeds and/or facilitating property of illegal conduct and are forfeitable. The defendant acknowledges that failing to cooperate in full in either the forfeiture of the property or the disclosure of assets constitutes a breach of this Plea Agreement.

## X.    RESTITUTION

The defendant and the government agree, and request that the Court find on the record, that the number of victims in this case is so large as to make restitution impracticable. *See* 18 U.S.C. § 3663A(c)(3)(A). Moreover, the defendant and the government agree, and request that the Court find on the record, that determining complex issues of fact related to identifying and

12

USA-CASTROMISC-00000916

1  finding hundreds of thousands of victims and calculating their losses would complicate or

2  prolong the sentencing process to a degree that the need to provide restitution to any victim is

3  outweighed by the burden of the sentencing process. *See* 18 U.S.C. § 3663A(c)(3)(B).

### XI. FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

5  Before or after sentencing, upon request by the Court, the United States, or the Probation

6  Office, the defendant will provide accurate and complete financial information, submit sworn

7  statements, and/or give depositions under oath concerning his assets and his ability to pay. The

8  defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and

9  will release funds and property under his control in order to pay any fine, forfeiture, or

10 restitution ordered by the Court.

### XII. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

12 A. <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges

13 that:

14 1. He has read this Plea Agreement and understands its terms and

15 conditions;

16 2. He has had adequate time to discuss this case, the evidence, and this Plea

17 Agreement with his attorney;

18 3. He has discussed the terms of this Plea Agreement with his attorney;

19 4. The representations contained in this Plea Agreement are true and correct,

20 including the facts set forth in Section IV; and

21 5. He was not under the influence of any alcohol, drug, or medicine that

22 would impair his ability to understand the Agreement when he considered signing this Plea

23 Agreement and when he signed it.

24 The defendant understands that he alone decides whether to plead guilty or go to trial,

25 and acknowledges that he has decided to enter his guilty plea knowing of the charges brought

26 against him, his possible defenses, and the benefits and possible detriments of proceeding to

27

28

USA-CASTROMISC-00000917

trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B.     Waiver of Appeal and Post-Conviction Proceedings.  The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is an upward departure or an upward variance from the Sentencing Guidelines range determined by the Court.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C.     Removal/Deportation Consequences.  The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement.  The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning.  The defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

USA-CASTROMISC-00000918

### XIII. ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

NICHOLAS A. TRUTANICH
United States Attorney

8/13/19
DATE

Nicholas D. Dickinson
Assistant United States Attorney

7/18/19
DATE

Timothy Finley
Daniel Zytnick
Trial Attorneys
Consumer Protection Branch

7/18/19
DATE

David T. Brown
Counsel for Defendant

7/10/15
DATE

Sean O'Connor
Defendant

15

USA-CASTROMISC-00000919

FILED _____ RECEIVED _____
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 2 6 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____
DEPUTY

NICHOLAS A. TRUTANICH
United States Attorney
NICHOLAS D. DICKINSON
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6175
Fax: (702) 388-6787
Nicholas.Dickinson@usdoj.gov

TIMOTHY FINLEY
DANIEL ZYTNICK
Trial Attorneys
U.S. Department of Justice
Consumer Protection Branch
PO Box 386
Washington, DC 20044
Tel: (202) 307-0050, (202) 598-8337
Fax: (202) 514-8742
Timothy.T.Finley@usdoj.gov
Daniel.E.Zytnick@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Edgar Del Rio,<br><br>　　　　Defendant. | 2:19-cr-00022-JCM-VCF<br><br>**Plea Agreement** |

1

The United States, by and through Nicholas A. Trutanich, United States Attorney, Nicholas D. Dickinson, Assistant United States Attorney, and United States Department of Justice Trial Attorneys Timothy Finley and Daniel Zytnick, and the defendant, Edgar Del Rio, and his attorney, Brian J. Smith, submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

## I.   SCOPE OF AGREEMENT

The parties to this Plea Agreement are the United States of America and Edgar Del Rio. This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada and the Consumer Protection Branch of the United States Department of Justice. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution, and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II.   DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A.    Guilty Plea.  The defendant knowingly and voluntarily agrees to plead guilty to the following charge as set forth in the Criminal Information:

Count 1:  Conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349.

The defendant also agrees to the forfeiture of the property, the imposition of the forfeiture on the property, and the imposition of the in personam criminal forfeiture money judgment as set forth in this Plea Agreement and the Forfeiture Allegation of the Criminal Information.

B.    Waiver of Trial Rights.  The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1.   The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2.   The right to confront the witnesses against the defendant at such a trial, and to cross examine them;

3.   The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4.   The right to testify in his own defense at such a trial if he so chooses;

5.   The right to compel witnesses to appear at such a trial and testify in the defendant's behalf;

6.   The right to have the assistance of an attorney at all stages of such proceedings; and

7.   The right to be indicted by a Grand Jury.

C.   <u>Withdrawal of Guilty Plea</u>.  The defendant will not seek to withdraw his guilty plea after he has entered it in court.

D.   <u>Additional Charges</u>.  The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada that culminated in this Plea Agreement and based on conduct known to the United States, except that the United States reserves the right to prosecute the defendant for any crime of violence as defined by 18 U.S.C. § 16.

**III.   ELEMENTS OF THE OFFENSE**

A.   The elements of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349 are:

<u>First</u>:  Beginning and ending on or about the dates specified, there was an agreement between two or more persons to commit mail fraud, in violation of 18 U.S.C. § 1341, and

<u>Second</u>:  The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

3

1    *See* Ninth Circuit Manual of Model Jury Instructions, Criminal 8.20 (2010 ed., approved

2    2/2014).

3       The elements of Mail Fraud, in violation of 18 U.S.C. § 1341, are:

4         First:    The defendant knowingly participated in a scheme or plan to defraud, or

5    a scheme or plan for obtaining money or property by means of false or fraudulent pretenses,

6    representations, or promises;

7         Second:   The statements made or facts omitted as part of the scheme were

8    material; that is, they had a natural tendency to influence, or were capable of influencing, a

9    person to part with money or property;

10        Third:   The defendant acted with the intent to defraud, that is, the intent to

11    deceive or cheat; and

12        Fourth:   The defendant used, or caused to be used, the mails or private and

13    commercial interstate carriers, according to the direction thereon, to carry out or attempt to

14    carry out an essential part of the scheme.

15    9th Cir. Crim. Jury Instr. 8.121 (2010 ed., approved 2/2014).

16    **IV.**     **FACTS SUPPORTING GUILTY PLEA**

17       A.     The defendant will plead guilty because he is, in fact and under the law, guilty of

18    the crime charged.

19       B.     The defendant acknowledges that if he elected to go to trial instead of pleading

20    guilty, the United States could prove his guilt beyond a reasonable doubt and establish its right

21    to the forfeiture money judgment. The defendant further acknowledges that his admissions and

22    declarations of fact set forth below satisfy every element of the charged offense.

23       C.     The defendant waives any potential future claim that the facts he admitted in this

24    Plea Agreement were insufficient to satisfy the elements of the charged offense.

25       D.     The defendant admits and declares under penalty of perjury that the facts set

26    forth below are true and correct:

27

28                  4

**The Conspiracy**

1.     From no later than May 2011 until February 2018, within the District of Nevada and elsewhere, the defendant Edgar Del Rio, together with others, engaged in a direct-mail scheme that sent fraudulent prize promotion mailings to thousands of consumers across the United States.  The mailings induced victims to pay a fee in exchange for a falsely promised large cash prize.  The object and purpose of the scheme was to obtain money from the victims by means of false and fraudulent statements and material concealments of fact in the mailings. None of the victims who sent a fee to Del Rio and his co-conspirators in response to a fraudulent prize promotion mailing from the direct-mail scheme ever received a large cash prize.

2.     In devising and carrying out the direct-mail scheme, Del Rio knowingly conspired with others to commit the crime of mail fraud as that crime is defined in 18 U.S.C. § 1341. The purpose of the conspiracy was to obtain money from victims, many of whom were elderly and vulnerable, by means of materially false representations.  In planning and executing the scheme, Del Rio acted with intent to defraud his victims.

3.     To execute the fraudulent scheme, Del Rio and his coconspirators caused fraudulent prize promotions to be delivered to victims by U.S. mail.  The mailings misled victims to believe that they would receive large sums of money, ranging from hundreds of thousands to several million dollars, if they paid a relatively small fee.  This was false; victims did not receive large sums of money.  The mailings were made to appear as if they came from sophisticated companies and often were signed by a person with an official title, such as "Prize Director" or "Comptroller."  In fact, none of these people actually existed.  The mailings directed victims to pay a delivery fee, generally $20 or $25

4.     The defendant admits that his conduct caused in excess of $1.5 million in losses to the victims of his direct-mail scheme.

**Forfeiture**

5.     The defendant admits that the property and the in personam criminal forfeiture money judgment amount listed in Section IX are any property, real or personal, which constitutes

or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1341, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or Title 18, United States Code, Section 1349, conspiracy to commit such offense, and are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c) and Title 21, United States Code, Section 853(p).

## V. COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty plea, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI. APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A. <u>Discretionary Nature of Sentencing Guidelines</u>. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B. <u>Offense Level Calculations</u>. The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

Base Offense Level (USSG § 2B1.1(a)(1)):     7

Loss Amount: $1,500,000-$3,500,000
(USSG § 2B1.1(b)(1)(K)):     16

| | | |
|---|---|---|
| 10 or more victims and use of mass-marketing (USSG § 2B1.1(b)(2)(A)) | | 2 |
| Vulnerable victim (due to age and otherwise particularly susceptible) (U.S.S.G. § 3A1.1(b)(1)) | | 2 |
| Large number of vulnerable victims (USSG § 3A1.1(b)(2)) | | 2 |
| Reduction for Acceptance of Responsibility (USSG § 3E1.1(a),(b)) | | (3) |
| Total | | **26** |

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C.    Reduction of Offense Level for Acceptance of Responsibility.  Under USSG § 3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he  (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG §3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

These Sentencing Guidelines provisions, if applied, will result in a total offense level of 26, as stated above.

D.   **Criminal History Category.**  The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history.  The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E.   **Relevant Conduct.**  The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F.   **Additional Sentencing Information.**  The stipulated Sentencing Guidelines calculations are based on information now known to the parties.  The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances.  Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation.  The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

**VII.   APPLICATION OF SENTENCING STATUTES**

A.   **Maximum Penalty.**  The maximum penalty for conspiracy under 18 U.S.C. § 1349 is a twenty-year prison sentence, a fine of $250,000, or both.

B.   **Factors Under 18 U.S.C. § 3553.**  The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence.  However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

C.   **Parole Abolished.**  The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D.     Supervised Release.  In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release not greater than three years. 18 U.S.C. § 3583(b)(1). Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements.  If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence.

E.     Special Assessment.  The defendant will pay a $100.00 special assessment per count at the time of sentencing.

## VIII.  POSITIONS REGARDING SENTENCE

The United States will recommend that the defendant be sentenced to the low end of the applicable Sentencing Guidelines range as determined by the Court unless the defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility.  The defendant acknowledges that the Court does not have to follow that recommendation.  Notwithstanding the agreement to recommend a sentence within the applicable range, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The defendant may request a sentence below the Sentencing Guidelines range as calculated in this Plea Agreement pursuant to 18 U.S.C. § 3553, and the United States may oppose it.

## IX.     FORFEITURE

The defendant knowingly and voluntarily:

A.     Agrees to the District Court imposing the civil judicial forfeiture or the criminal forfeiture of:

1.  $106,150;

2.  $20,400.32;

3.  $34,364;

9

4.  $40,010;

5.  $50,126.59;

6.  $4,998;

7.  $10,908;

8.  $15,278;

9.  $6,975;

10. $4,644;

11. $3,101;

12. $1,824;

13. $13,146

14. $1,785;

15. $14,439;

16. $9,887;

17. $8,253;

18. $138;

19. $12,464.03; and

20. $18,950;

(all of which constitutes property);

     B.      Agrees to the District Court imposing an in personam criminal forfeiture money judgment of $350,000, not to be held jointly and severally liable with his codefendant(s), the collected money judgment amount between the codefendants is not to exceed $9,000,000, and that the following property will be applied toward the payment of the money judgment:

     a.      $18,950;

     C.      Agrees the in personam criminal forfeiture money judgment amount complies with *Honeycutt v. United States*, ___U.S.___, 137 S. Ct. 1626 (2017);

     D.      Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property;

E.      Abandons or forfeits the property to the United States;

F.      Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property;

G.      Waives his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property and the in personam criminal forfeiture money judgment (proceedings);

H.      Waives service of process of any and all documents filed in this action or any proceedings concerning the property and the in personam criminal forfeiture money judgment arising from the facts and circumstances of this case;

I.      Waives any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property;

J.      Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property and the in personam criminal forfeiture money judgment;

K.      Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, all constitutional requirements, including, but not limited to, the constitutional due process requirements of any proceedings concerning the property and the in personam criminal forfeiture money judgment;

L.      Waives his right to a jury trial on the forfeiture of the property;

M.      Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property and the in personam criminal forfeiture money judgment in any proceedings, including, but not limited to, (1) constitutional or statutory double jeopardy defenses and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

N.      Agrees to the entry of an Order of Forfeiture of the property and the in personam criminal forfeiture money judgment to the United States;

O.      Waives the right to appeal any Order of Forfeiture;

11

P.      Agrees the property is forfeited to the United States;

Q.      Agrees the in personam criminal forfeiture money judgment is immediately due and payable and is subject to immediate collection by the United States;

R.      Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property and the in personam criminal forfeiture money judgment shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the abandonment or the forfeiture;

S.      Agrees and understands the United States of America may amend the forfeiture order at any time to add subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e);

T.      Acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution; and

U.      Agrees to take all steps as requested by the United States to pass clear title of the property and of any forfeitable assets which may be used to satisfy the in personam criminal forfeiture money judgment to the United States and to testify truthfully in any judicial forfeiture proceedings. The defendant understands and agrees that the property and the in personam criminal forfeiture money judgment amount represent proceeds and/or facilitating property of illegal conduct and are forfeitable. The defendant acknowledges that failing to cooperate in full in either the forfeiture of the property or the disclosure of assets constitutes a breach of this Plea Agreement.

## X.    RESTITUTION

The defendant and the government agree, and request that the Court find on the record, that the number of victims in this case is so large as to make restitution impracticable. *See* 18 U.S.C. § 3663A(c)(3)(A). Moreover, the defendant and the government agree, and request that the Court find on the record, that determining complex issues of fact related to identifying and finding hundreds of thousands of victims and calculating their losses would complicate or

1  prolong the sentencing process to a degree that the need to provide restitution to any victim is

2  outweighed by the burden of the sentencing process. *See* 18 U.S.C. § 3663A(c)(3)(B).

3  **XI.  FINANCIAL INFORMATION AND DISPOSITION OF ASSETS**

4  Before or after sentencing, upon request by the Court, the United States, or the Probation

5  Office, the defendant will provide accurate and complete financial information, submit sworn

6  statements, and/or give depositions under oath concerning his assets and his ability to pay.  The

7  defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and

8  will release funds and property under his control in order to pay any fine, forfeiture, or

9  restitution ordered by the Court.

10  **XII.  THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS**

11  A.  <u>Plea Agreement and Decision to Plead Guilty</u>.  The defendant acknowledges

12  that:

13  1.  He has read this Plea Agreement and understands its terms and

14  conditions;

15  2.  He has had adequate time to discuss this case, the evidence, and this Plea

16  Agreement with his attorney;

17  3.  He has discussed the terms of this Plea Agreement with his attorney;

18  4.  The representations contained in this Plea Agreement are true and correct,

19  including the facts set forth in Section IV; and

20  5.  He was not under the influence of any alcohol, drug, or medicine that

21  would impair his ability to understand the Agreement when he considered signing this Plea

22  Agreement and when he signed it.

23  The defendant understands that he alone decides whether to plead guilty or go to trial,

24  and acknowledges that he has decided to enter his guilty plea knowing of the charges brought

25  against him, his possible defenses, and the benefits and possible detriments of proceeding to

26  trial.  The defendant also acknowledges that he decided to plead guilty voluntarily and that no

27  one coerced or threatened him to enter into this Plea Agreement.

28

B. Waiver of Appeal and Post-Conviction Proceedings. The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is an upward departure or an upward variance from the Sentencing Guidelines range determined by the Court.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C. Removal/Deportation Consequences. The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

**XIII. ADDITIONAL ACKNOWLEDGMENTS**

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney. or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

NICHOLAS A. TRUTANICH
United States Attorney

2-26-19
DATE

_____
Nicholas D. Dickinson
Assistant United States Attorney

1-17-19
DATE

_____
Timothy Finley
Daniel Zytnick
Trial Attorneys
Consumer Protection Branch

1-17-19
DATE

_____
Brian J. Smith
Counsel for Defendant

1-17-19
DATE

_____
Edgar Del Rio
Defendant

15



FILED _____          RECEIVED _____
ENTERED _____          SERVED ON _____
COUNSEL/PARTIES OF RECORD

AUG 12 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

1  NICHOLAS A. TRUTANICH
   United States Attorney
2  District of Nevada
   Nevada Bar Number 13644
3  NICHOLAS D. DICKINSON
   Assistant United States Attorney
4  501 Las Vegas Blvd. South, Suite 1100
   Las Vegas, Nevada 89101
5  Phone: (702) 388-6336
   Email: nicholas.dickinson@usdoj.gov
6
   GUSTAV W. EYLER
7  Director
   TIMOTHY T. FINLEY
8  DANIEL E. ZYTNICK
   Trial Attorneys
9  Consumer Protection Branch
   U.S. Department of Justice
10 P.O. Box 386
   Washington, DC 20044
11 Phone: (202) 307-0050; (202) 598-8337
   Email: timothy.t.finley@usdoj.gov; daniel.e.zytnick@usdoj.gov
12
13 *Attorneys for the United States of America*

14            UNITED STATES DISTRICT COURT
15            FOR THE DISTRICT OF NEVADA

16 UNITED STATES OF AMERICA,          No. 2:19-CR-295-GMN-NJK

           Plaintiff,
17
                 v.                   **Plea Agreement for Defendant Andrea Burrow**
18                                    **Pursuant to Fed. R. Crim. P. 11(c)(1)(A) and**
   ANDREA BURROW,                     **(B)**
19
           Defendant.
20

21      This plea agreement between Andrea Burrow ("defendant") and the United States

22 Attorney's Office for the District of Nevada and the United States Department of Justice's

23 Consumer Protection Branch (collectively, the "government") sets forth the parties' agreement

24 regarding the criminal charges referenced herein and the applicable sentences, fines, and

1  forfeiture in the above-captioned case. This agreement binds only defendant and the government

2  and does not bind the district court, the U.S. Probation Office, or any other federal, state, local,

3  or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement

4  does not prohibit the government or any agency or third party from seeking any other civil or

5  administrative remedies, including civil forfeiture *in rem,* directly or indirectly against defendant

6  or defendant's property.

7       This agreement becomes effective upon signature by defendant, defendant's counsel, and

8  an attorney for the government.

9                    **I. DEFENDANT'S OBLIGATIONS**

10  1.    Defendant agrees to:

11       a.    At the earliest opportunity requested by the government and provided by

12  the district court, appear and plead guilty to Count 1 of the indictment in this case, which

13  charges defendant with conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 (Count

14  One);

15       b.    Stipulate to the facts agreed to in this agreement;

16       c.    Abide by all agreements regarding sentencing contained in this agreement;

17       d.    Not seek to withdraw defendant's guilty plea once it is entered;

18       e.    Appear for all court appearances, surrender as ordered for service of

19  sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

20       f.    Not commit any federal, state, or local crime;

21       g.    Be truthful at all times with the U.S. Probation and Pretrial Services Offices

22  and the Court;

23       h.    Before and after sentencing, upon request by the Court, the government, or

24  the Probation Office, provide accurate and complete financial information, submit sworn

2

1   statements, and/or give depositions under oath concerning defendant's assets and defendant's

2   ability to pay. As part of the required disclosure, defendant agrees to provide any and all

3   financial information and authorizations requested by the Probation Office for preparation of the

4   Presentence Report. Defendant further agrees that, upon filing of this agreement, the

5   government is authorized to obtain defendant's credit report. Defendant will also complete a

6   financial form provided by the government, to include all supporting documentation, and return

7   it to the government within three (3) weeks from entry of the plea. Defendant agrees that the

8   district court may enter any order necessary to effectuate or facilitate disclosure of defendant's

9   financial information.

10          i.      To facilitate payment of any fine or forfeiture, restitution, or assessment,

11   surrender assets defendant obtained directly or indirectly as a result of defendant's crimes.

12   Defendant agrees to voluntarily release funds and property under defendant's control or in which

13   defendant has any property interest, before and after sentencing, to pay any fine or restitution

14   identified in this agreement, agreed to by the parties, or ordered by the Court.

15          j.      The forfeiture of the property, the imposition of the forfeiture on the

16   property, and the imposition of the in personam criminal forfeiture money judgment as set forth

17   in this Plea Agreement, the Bill of Particulars, and the Forfeiture Allegation of the Criminal

18   Indictment.

19                         **II. THE GOVERNMENT'S OBLIGATIONS**

20   2.     The government agrees to:

21          a.      Stipulate to facts agreed to in this agreement;

22          b.      Abide by all agreements regarding sentencing contained in this agreement;

23          c.      At sentencing, provided that defendant demonstrates an acceptance of

24   responsibility for the offense up to and including the time of sentencing, recommend a two-level

3

1  reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1, and

2  move for an additional one-level reduction if available under that section;

3         d.    At sentencing, move to dismiss the remaining counts of the indictment as

4  against defendant. Defendant agrees, however, that the district court may consider any dismissed

5  charges in determining the applicable sentencing guidelines range, the propriety and extent of

6  any departure from that range, and the sentence to be imposed; and

7         e.    Not bring any additional charges against defendant arising out of the

8  investigation in the District of Nevada which culminated in this agreement and based on

9  conduct known to the government. However, the government reserves the right to prosecute

10 defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax

11 violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

12 Defendant agrees that the district court at sentencing may consider any uncharged conduct in

13 determining the applicable sentencing guidelines range, the propriety and extent of any departure

14 from that range, and the sentence to be imposed after consideration of the sentencing guidelines

15 and all other relevant factors under 18 U.S.C. § 3553(a).

16                       **III. ELEMENTS OF THE OFFENSE**

17     3.    <u>Count One</u>: The elements of conspiracy to commit mail fraud, in violation of 18

18 U.S.C. § 1349 are as follows:

19     <u>First</u>:        Beginning and ending on or about the dates specified, there was an

20                     agreement between two or more persons to commit mail fraud, in violation

21                     of 18 U.S.C. § 1341, and

22     <u>Second</u>:    The defendant became a member of the conspiracy knowing of at least one

23                     of its objects and intending to help accomplish it.

24 *See* Ninth Circuit Model Criminal Jury Instruction 8.20 (2010 ed., approved Jan. 2019).

4

1    The elements of the substantive offense of mail fraud under 18 U.S.C. § 1341 are:

2    <u>First</u>:       The defendant knowingly participated in a scheme or plan to defraud, or a

3                        scheme or plan for obtaining money or property by means of false or

4                        fraudulent pretenses, representations, or promises;

5    <u>Second</u>:      The statements made or facts omitted as part of the scheme were material;

6                        that is, they had a natural tendency to influence, or were capable of

7                        influencing, a person to part with money or property;

8    <u>Third</u>:       The defendant acted with the intent to defraud, that is, the intent to deceive

9                        or cheat; and

10   <u>Fourth</u>:      The defendant used, or caused to be used, the mails or private and

11                       commercial interstate carriers, according to the direction thereon, to carry

12                       out or attempt to carry out an essential part of the scheme.

13   *See* Ninth Circuit Model Criminal Jury Instruction 8.121 (2010 ed., approved Jan. 2019).

14                        **IV. CONSEQUENCES OF CONVICTION**

15   4.      <u>Maximum Statutory Penalties</u>:

16          a.      Defendant understands that the statutory maximum sentence the district

17   court can impose for a violation of 18 U.S.C. § 1349 as charged in Count 1 is: 20 years

18   imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or

19   gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment

20   of $100.00.

21   5.      <u>Criminal Forfeiture</u>: Defendant understands that the district court will impose

22   forfeiture of the property and of the in personam criminal forfeiture money judgment.

23   6.      <u>Parole Abolished</u>: Defendant acknowledges that defendant's prison sentence

24   cannot be shortened by early release on parole because parole has been abolished.

5

1   7. <u>Supervised Release</u>: Defendant understands that supervised release is a period of

2 time following imprisonment during which defendant will be subject to various restrictions and

3 requirements. Defendant understands that if defendant violates one or more of the conditions of

4 any supervised release imposed, defendant may be returned to prison for all or part of the term of

5 supervised release authorized by statute for the offense that resulted in the term of supervised

6 release, which could result in defendant serving a total term of imprisonment greater than the

7 statutory maximum stated above.

8   8. <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court

9 must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence.

10 However, the statutory maximum sentence limit the district court's discretion in determining

11 defendant's sentence.

12   9. <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that, by

13 pleading guilty, defendant may be giving up valuable government benefits and valuable civic

14 rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the

15 right to serve on a jury. Defendant understands that once the district court accepts defendant's

16 guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.

17 Defendant understands that the conviction in this case may also subject defendant to various

18 other collateral consequences, including but not limited to revocation of probation, parole, or

19 supervised release in another case and suspension or revocation of a professional license.

20 Defendant understands that unanticipated collateral consequences will not serve as grounds to

21 withdraw defendant's guilty plea.

22   10. <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant

23 understands that, if defendant is not a United States citizen, the felony conviction in this case

24 may subject defendant to removal, also known as deportation, which may, under some

6

1   circumstances, be mandatory; denial of citizenship; and denial of admission to the United States

2   in the future. The district court cannot, and defendant's attorney also may not be able to, advise

3   defendant fully regarding the immigration consequences of the felony conviction in this case.

4   Defendant understands that unexpected immigration consequences will not serve as grounds to

5   withdraw defendant's guilty plea.

6                                    **V. FACTUAL BASIS**

7            11.     Defendant admits that defendant is, in fact, guilty of the offense to which

8   defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to

9   trial instead of pleading guilty, the government could prove defendant's guilt beyond a

10  reasonable doubt and establish its right to forfeit the specified property by preponderance of the

11  evidence. Defendant further acknowledges that defendant's admissions and declarations of fact

12  set forth below satisfy every element of the charged offense. Defendant waives any potential

13  future claim that the facts defendant admitted below are insufficient to satisfy the elements of the

14  charged offense. Defendant admits and declares under penalty of perjury that the facts set forth

15  below are true and correct:

16           12.     From no later than March 2010 until February 2018, within the District of Nevada

17  and elsewhere, defendant, together with others, engaged in a direct-mail scheme that sent

18  fraudulent prize-notification mailings to millions of consumers across the United States.  The

19  mailings induced victims to pay a fee in exchange for a falsely promised large cash prize.  The

20  object and purpose of the scheme was to obtain money from victims by means of false and

21  fraudulent statements and material concealments of fact in the mailings.  None of the victims

22  who sent a fee in response to a fraudulent mailing from the scheme ever received a large cash

23  prize.

24

                                              7

1    13.    In carrying out the scheme, defendant knowingly conspired with others to commit

2    the crime of mail fraud as that crime is defined in 18 U.S.C. § 1341. The purpose of the

3    conspiracy was to obtain money from victims, many of whom were elderly and vulnerable, by

4    means of materially false representations. In executing the scheme, defendant acted with intent

5    to defraud her victims.

6    14.    To execute the fraudulent scheme, defendant and her co-conspirators caused

7    fraudulent prize notifications to be delivered to victims by U.S. mail. The mailings misled

8    victims to believe that they would receive large sums of money, ranging from hundreds of

9    thousands to several million dollars, if they paid a relatively small fee. This was false; victims did

10   not receive large sums of money. The mailings were made to appear as if they came from

11   sophisticated companies and often were signed by a person with an official title, such as "Prize

12   Director" or "Comptroller." In fact, none of these people actually existed. The mailings directed

13   victims to pay a delivery fee, generally $20 or $25.

14   15.    Defendant admits that her conduct caused in excess of $9 million in losses to the

15   victims of the scheme. Over the course of the scheme, defendant received in excess of $272,000

16   in fraud proceeds.

17

18                                  VI. SENTENCING FACTORS

19   16.    Discretionary Nature of Sentencing Guidelines: Defendant understands that in

20   determining defendant's sentence, the district court is required to calculate the applicable

21   sentencing guidelines range and to consider that range, possible departures under the sentencing

22   guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant

23   understands that the sentencing guidelines are advisory only, that defendant cannot have any

24   expectation of receiving a sentence within the calculated sentencing guidelines range, and that

8

1   after considering the sentencing guidelines and the other § 3553(a) factors, the district court will

2   be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum

3   set by statute for the crime of conviction.

4         17.   <u>Offense Level Calculations</u>: The parties jointly agree and stipulate that, in

5   calculating defendant's advisory guidelines sentencing range, the Court should use the following

6   base offense level and adjustments; acknowledge that these stipulations do not bind the district

7   court; and agree that they will not seek to apply or advocate for the use of any other base offense

8   level or any other specific offense characteristics, enhancements, or reductions in calculating the

9   advisory guidelines range:

| | |
|---|---|
| Base Offense Level [USSG § 2B1.1(a)(1)]: | 7 |
| Loss [USSG § 2B1.1(b)(1)(J)]: | +18 |
| Ten or more victims; mass-marketing [USSG § 2B1.1(b)(2)(A)]: | +2 |
| Vulnerable victim [USSG § 3A1.1(b)(1)]: | +2 |
| Large number of vulnerable victims [USSG § 3A1.1(b)(2)]: | +2 |
| <u>Minor/minimal role [USSG § 3B1.2(b)]:</u> | <u>-3</u> |
| Adjusted Offense Level: | 28 |

17         18.   <u>Reduction for Acceptance of Responsibility</u>: Under USSG § 3E1.1(a), the

18   government will recommend that defendant receive a two-level downward adjustment for

19   acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a

20   factual basis for the guilty plea when defendant enters the plea; (b) fails to truthfully admit facts

21   establishing the amount of restitution owed when defendant enters the guilty plea; (c) fails to

22   truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty plea;

23   (d) provides false or misleading information to the government, the Court, Pretrial Services, or

24   the Probation Office; (e) denies involvement in the offense or provides conflicting statements

1   regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to

2   the offense; (f) attempts to withdraw defendant's guilty plea; (g) commits or attempts to commit

3   any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

4   Under USSG § 3E1.1(b), if the district court determines that defendant's total offense

5   level before operation of § 3E1.1(a) is 16 or higher, and if the government recommends a two-

6   level downward adjustment pursuant to the preceding paragraph, the government will move for

7   an additional one-level downward adjustment for acceptance of responsibility before sentencing

8   because defendant communicated defendant's decision to plead guilty in a timely manner that

9   enabled the government to avoid preparing for trial and to efficiently allocate its resources.

10   19.   <u>Criminal History Category</u>. Defendant acknowledges that the district court may

11   base defendant's sentence in part on defendant's criminal record or criminal history. The district

12   court will determine defendant's criminal history category under the sentencing guidelines.

13   20.   <u>Additional Sentencing Information</u>: The stipulated sentencing guidelines

14   calculations are based on information now known to the parties. Defendant understands that

15   both defendant and the government are free to (a) supplement the facts in this agreement by

16   supplying relevant information to the U.S. Probation and Pretrial Services Offices and the

17   district court regarding the nature, scope, and extent of defendant's criminal conduct and any

18   aggravating or mitigating facts or circumstances; and (b) correct any and all factual

19   misstatements relating to the district court's sentencing guidelines calculations and

20   determination of sentence. While this paragraph permits both the government and defendant to

21   submit full and complete factual information to the U.S. Probation and Pretrial Services Offices

22   and the district court, even if that factual information may be viewed as inconsistent with the

23   facts agreed to in this agreement, this paragraph does not affect defendant's and the

24   government's obligations not to contest the facts agreed to in this agreement. Good faith efforts

1   to provide truthful information or to correct factual misstatements shall not be grounds for

2   defendant to withdraw defendant's guilty plea.

3        Defendant acknowledges that the U.S. Probation Office may calculate the sentencing

4   guidelines differently and may rely on additional information it obtains through its investigation.

5   Defendant also acknowledges that the district court may rely on this and other additional

6   information as it calculates the sentencing guidelines range and makes other sentencing

7   determinations, and the district court's reliance on such information shall not be grounds for

8   defendant to withdraw defendant's guilty plea.

9              **VII. POSITIONS REGARDING SENTENCING**

10       21.    The government will recommend that the district court sentence defendant at the

11   low end of the advisory guideline range as determined by the district court. Defendant may

12   argue for a downward variance pursuant to 18 U.S.C. § 3553.

13       22.    Defendant acknowledges that the district court does not have to follow the

14   recommendation of either party.

15       23.    Notwithstanding its agreement to recommend a sentence as described above, the

16   government reserves its right to defend any lawfully imposed sentence on appeal or in any post-

17   conviction litigation.

18       24.    If defendant commits any act that results in the Court finding that defendant is

19   not entitled to a downward adjustment for acceptance of responsibility, the government is

20   entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a).  In any such

21   event, Defendant remains bound by the provisions of this agreement and shall not have the

22   right to withdraw defendant's guilty plea.

23

24

11

# VIII. WAIVER OF CONSTITUTIONAL RIGHTS

25.     Defendant understands that by pleading guilty, defendant gives up the following rights:

a.      The right to persist in a plea of not guilty;

b.      The right to a speedy and public trial by jury;

c.      The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

d.      The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt;

e.      The right to confront and cross-examine witnesses against defendant;

f.      The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

g.      The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h.      The right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

# IX. WAIVER OF APPELLATE RIGHTS

26.     <u>Waiver of Appellate Rights</u>. Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the district court; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal

12

1     any other aspect of the conviction, including but not limited to the constitutionality of the statute

2     of conviction; any other aspect of the sentence; and any order of restitution or forfeiture.

3         27.      Defendant reserves only the right to appeal any portion of the sentence that is an

4     upward departure or variance from the applicable Sentencing Guideline range as determined by

5     the district court.

6         28.      <u>Waiver of Post-Conviction Rights</u>. Defendant also knowingly and expressly

7     waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's

8     conviction, sentence, and the procedure by which the district court adjudicated guilt and

9     imposed sentence, except non-waivable claims of ineffective assistance of counsel.

10        29.      <u>Preservation of Evidence</u>: Defendant acknowledges that the government and the

11     agencies investigating this case are not obligated or required to preserve any evidence obtained in

12     the investigation of this case.

13                              **X. FORFEITURE**

14        30.      Defendant knowingly and voluntarily:

15           a.      Agrees to the district court imposing the civil judicial forfeiture or the

16     criminal forfeiture of:

17                i.      $180,610 in United States currency seized from defendant's safety

18     deposit box at Bank of America on February 21, 2018; and

19               ii.      $57,111 in United States currency seized from defendant's residence

20     at 8236 Sierra Cascade Court, Las Vegas, NV 89117, on February 21, 2018

21     (all of which constitutes property);

22          b.      Agrees to the district court imposing an in personam criminal forfeiture

23     money judgment of $272,000, not to be held jointly and severally liable with any codefendants

24     (the collected money judgment amount among the codefendants is not to exceed $9,000,000);

1  and that the property described in paragraph 30.a. will be applied toward the payment of the

2  money judgment;

3          c.  Agrees the in personam criminal forfeiture money judgment amount

4  complies with *Honeycutt v. United States*, 137 S. Ct. 1626 (2017);

5          d.  Agrees to the abandonment, the civil administrative forfeiture, the civil

6  judicial forfeiture, or the criminal forfeiture of the property;

7          e.  Abandons or forfeits the property to the United States;

8          f.  Relinquishes all possessory rights, ownership rights, and all rights, titles,

9  and interests in the property;

10          g.  Waives defendant's right to any abandonment proceedings, any civil

11  administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal

12  forfeiture proceedings of the property and the in personam criminal forfeiture money judgment

13  (proceedings);

14          h.  Waives service of process of any and all documents filed in this action or

15  any proceedings concerning the property and the in personam criminal forfeiture money

16  judgment arising from the facts and circumstances of this case;

17          i.  Waives any further notice to defendant, defendant's agents, or defendant's

18  attorney regarding the abandonment or the forfeiture and disposition of the property;

19          j.  Agrees not to file any claim, answer, petition, or other documents in any

20  proceedings concerning the property and the in personam criminal forfeiture money judgment;

21  agrees not to contest, or to assist any other person or entity in contesting, the forfeiture; and

22  agrees to withdraw immediately any claim, answer, petition, or other documents in any

23  proceedings;

24

1            k.     Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim.

2 P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging

3 document, the court advising defendant of the forfeiture at the change of plea, the court having a

4 forfeiture hearing, the court making factual findings regarding the forfeiture, the court failing to

5 announce the forfeiture at sentencing, and all constitutional requirements, including, but not

6 limited to, the constitutional due process requirements of any proceedings concerning the

7 property and the in personam criminal forfeiture money judgment;

8            l.      Waives defendant's right to a jury trial on the forfeiture of the property;

9            m.     Waives all constitutional, legal, and equitable defenses to the forfeiture or

10 abandonment of the property and the in personam criminal forfeiture money judgment in any

11 proceedings, including, but not limited to, (a) any constitutional or statutory double jeopardy

12 defense or claim, (b) any constitutional or statutory claim or defense under the Eighth

13 Amendment to the United States Constitution, including, but not limited to, any claim or

14 defense of excessive fines or cruel and unusual punishments, and (c) any constitutional or

15 statutory claim or defense under *Honeycutt v. United States*, 137 S. Ct. 1626 (2017);

16            n.     Agrees to the entry of an Order of Forfeiture of the property and the in

17 personam criminal forfeiture money judgment to the United States;

18            o.     Waives the right to appeal any Order of Forfeiture;

19            p.     Agrees the property is forfeited to the United States;

20            q.     Agrees the in personam criminal forfeiture money judgment is immediately

21 due and payable and is subject to immediate collection by the USAO;

22            r.      Agrees and understands the abandonment, the civil administrative

23 forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property and the in

24 personam criminal forfeiture money judgment shall not be treated as satisfaction of any

1    assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose

2    upon defendant in addition to the abandonment or the forfeiture;

3           s.      Agrees and understands the USAO may amend the forfeiture order at any

4    time to add subsequently located property or substitute property pursuant to Fed. R. Crim. P.

5    32.2(b)(2)(C) and 32.2(e);

6           t.      Acknowledges that the amount of the forfeiture may differ from, and may

7    be significantly greater than or less than, the amount of restitution; and

8           u.      Agrees to take all steps as requested by the USAO to pass clear title of the

9    property and of any forfeitable assets which may be used to satisfy the in personam criminal

10   forfeiture money judgment to the United States and to testify truthfully in any judicial forfeiture

11   proceedings. Defendant understands and agrees that the property and the in personam criminal

12   forfeiture money judgment amount represent proceeds and/or facilitating property of illegal

13   conduct and are forfeitable. Defendant shall provide the USAO with a full and complete

14   financial disclosure statement under penalty of per-jury within 10 days of executing the plea

15   agreement. The financial statement shall disclose to the USAO all assets and financial interests

16   valued at more than $1,000. Defendant understands these assets and financial interests include

17   all assets and financial interests that defendant has an interest, direct or indirect, whether held in

18   defendant's name or in the name of another, in any property, real or personal. Defendant shall

19   also identify all assets valued at more than $1,000 which Defendant has transferred to third

20   parties or diverted from defendant, directly to third parties, since March 2010, including the

21   location of the assets and the identity of any third party.

22          v.      The defendant admits the property and the in personam criminal forfeiture

23   money judgment amount are any property, real or personal, which constitutes or is derived from

24   proceeds traceable to a violation of 18 U.S.C. § 1341, a specified unlawful activity as defined in

18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1349, conspiracy to commit such offense, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

## XI. RESULT OF WITHDRAWAL OF GUILTY PLEA OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

31. <u>Consequence of withdrawal of guilty plea</u>: Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this agreement was involuntary, then (a) the government will be relieved of all of its obligations under this agreement and (b) should the government choose to pursue any charge that was dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

32. <u>Consequence of vacatur, reversal, or set-aside</u>: Defendant agrees that if defendant's conviction is vacated, reversed, or set aside, both the government and defendant will be released from all their obligations under this agreement, except that, should the government choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## XII. BREACH OF AGREEMENT

33.     Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the government may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the government to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the government in writing. If the government declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty plea, and (b) the government will be relieved of all its obligations under this agreement.

34.     Following the Court's finding of a knowing breach of this agreement by defendant, should the government choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

     a.     Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

     b.     Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

     c.     Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and

18

1    gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence

2    410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or

3    any evidence derived from the statements should be suppressed or are inadmissible.

4

### XIII. COURT AND UNITED STATES PROBATION
5                    ### AND PRETRIAL SERVICES OFFICE NOT PARTIES.

6        35.      Defendant understands that the Court and the U.S. Probation and Pretrial

7    Services Office are not parties to this agreement and need not accept any of the government's

8    sentencing recommendations or the parties' agreements to facts or sentencing factors.

9        36.      Defendant understands that both defendant and the government are free to argue

10    on appeal and collateral review that the district court's sentencing guidelines calculations and the

11    sentence it chooses to impose are not error.

12        37.      Defendant understands that even if the district court ignores any sentencing

13    recommendation, finds facts or reaches conclusions different from those agreed to by the parties,

14    or imposes any sentence up to the maximum established by statute, defendant cannot, for that

15    reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all

16    defendant's obligations under this agreement. Defendant understands that no one—not the

17    prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise

18    regarding the sentence defendant will receive, except that it will be within the statutory

19    maximum.

20                    ### XIV. ADDITIONAL ACKNOWLEDGMENTS

21        38.      The Defendant acknowledges that:

22            a.      Defendant read this agreement and defendant understands its terms and

23    conditions.

24

b. Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c. Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

d. Defendant understands the terms of this agreement and voluntarily agrees to those terms.

e. Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

f. The representations contained in this agreement are true and correct, including the factual basis for defendant's offense set forth in this agreement.

g. Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

39. Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

40. Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the government, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

20

1         41.    Defendant acknowledges that defendant decided to plead guilty voluntarily and

2    that no one threatened, coerced, or forced defendant to enter into this agreement.

3         42.    Defendant is satisfied with the representation of defendant's attorney, and

4    defendant is pleading guilty because defendant is guilty of the charge and chooses to take

5    advantage of the promises set forth in this agreement and for no other reason.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1      **XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**

2          43.      The parties agree that this agreement will be considered part of the record of

3   defendant's guilty plea hearing as if the entire agreement had been read into the record of the

4   proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE DISTRICT OF NEVADA
7
    NICHOLAS A. TRUTANICH
8   United States Attorney

9                                                        8/12/2020
                                                         Date
10  NICHOLAS D. DICKINSON
    Assistant United States Attorney
11

12  CONSUMER PROTECTION BRANCH
    U.S. DEPARTMENT OF JUSTICE
13
    GUSTAV W. EYLER
14  Director

15                                                       5/12/2020
    TIMOTHY T. FINLEY                                    Date
16  DANIEL E. ZYTNICK
    Trial Attorneys
17

18                                                       06/12/2020
    ANDREA BURROW                                        Date
19  Defendant

20

21                                                       6/12/20
22  CRANE POMERANTZ                                      Date
    Attorney for Defendant ANDREA BURROW
23

24

                                  22